MILLS, Judge.
The defendant appeals from a judgment of guilt and sentence to prison which were entered after a plea of nolo contendere was made to a charge of possession of marijuana in excess of five grams, reserving the right to appeal the denial of his motion to suppress evidence.
The issue for our determination, is whether the trial court erred in its denial of the motion to suppress.
Lyons, a special agent with the United States Drug Enforcement Administration in Tucson, Arizona, obtained information from a confidential informant indicating *44 that an individual wearing a red coat would leave Arizona by airplane bound for Jacksonville, Florida, and would be carrying controlled drugs. Lyons gave this information to Hendricks, a special agent with the Drug Enforcement Administration office in Jacksonville, Florida, by telephone. A few hours later in the day, Lyons talked by telephone to Mapes, another special agent with the Drug Enforcement Administration office in Jacksonville, Florida, and gave him more information. In addition, Lyons informed Mapes that the informant from whom he obtained the information was very reliable. However, he gave no circumstances to support his statement.
Mapes went to the Jacksonville International Airport where he began surveillance of the defendant. Subsequently, and based solely on the information furnished him by Lyons, but without a warrant, Mapes searched the automobile occupied by the defendant, arrested the defendant, and seized the controlled drugs. It was these drugs which defendant sought unsuccessfully to suppress.
All of the information possessed by Mapes was double hearsay and amounted to no more than a tip. There was neither probable cause nor trustworthy information to justify the action taken by Mapes. Sagonias v. State, 89 So.2d 252 (Fla.1956).
The trial court erred in its denial of the motion to suppress. Therefore, we must reverse the judgment and sentence.
McCORD, J., concurs.
BOYER, C. J., dissents.