333 So.2d 531 (1976)
PALMETTO GENERAL HOSPITAL, INC., Petitioner,
v.
STATE of Florida DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Respondent.
No. Z-1.
District Court of Appeal of Florida, First District.
May 24, 1976.
Rehearing Denied July 8, 1976.
*532 James E. Tribble of Blackwell, Walker, Gray, Powers, Flick & Hoehl, Miami, for petitioner.
E.J. Haugdahl, Jacksonville, for respondent.
McCORD, Judge.
This is a petition for review of a final administrative order of May 20, 1975, of a hearing officer designated by respondent pursuant to § 1122 of the Social Security Act [42 U.S.C.A. § 1320a-1(b)(3)].
Petitioner Palmetto General Hospital, Inc., is the operator of a private, for-profit hospital located in Hialeah, Florida. The order here under review grew out of an application by petitioner for Federal participation in capital expenditures to be made by it in a proposed expansion of its existing hospital. In originally constructing its hospital, petitioner completed both the interior and exterior construction of the first five floors of the eight story building, leaving the top three floors "shelled in" with interiors uncompleted. The construction was completed on or about December 1970, and since mid 1971 petitioner has operated a 180 bed hospital in the completed five stories of the building. It now seeks federal participation in its capital expenditures to complete the top three floors for an additional 180 beds and expansion of its ancillary facilities.
This is a hybrid proceeding involving both the federal and state governments under an agreement entered into between the State of Florida and the Secretary of Health, Education and Welfare of the United States (hereafter referred to as the Secretary) on February 27, 1974, pursuant to authority therefor contained in 42 U.S.C. § 1320a-1. The agreement set up procedures to be followed by the state in making findings and recommendations to the Secretary with respect to capital expenditures proposed by or on behalf of any health care facility for which Federal participation is sought. Although it was executed on February 27, 1974, the agreement was made retroactive by its terms to January 1, 1973.
At the time the above agreement was made, the state had an established statutory procedure pertaining to licensing of health care facilities  Sections 381.493-381.497, Florida Statutes 1973, known as the "Health Facilities Planning Act." This act requires that any hospital project that involves the addition of beds by new construction and/or alteration of existing facilities or that involves new construction of additional health facilities that amount to an expenditure of over $100,000, submit a written application of its intention to make a capital expenditure to the areawide planning council defined in that act. The act further defines the procedures to be followed by the council and directs that it recommend that the facility be constructed in its entirety or that it not be constructed. The Bureau of Community Medical Facilities Planning then considers the recommendation of the council and may either issue or deny a certificate of need for the facility. The act further provides that in the exercise of its authority to issue licenses to health care facilities, "the Division of Health shall duly consider the advisory certificate of need study required by this act, although the recommendations in said study shall not be binding upon the Division." The act then concludes (Section 381.497, Florida Statutes) with the following exemption:
"Sections 381.493-381.496 shall not affect any health care facility project for which land has been acquired and preliminary construction plans have been prepared and filed with the division of *533 health prior to July 1, 1973." (the effective date of the act)
Petitioner contends that by virtue of the foregoing exemption contained in the above statute, it is exempt from all requirements both state and federal and that it obtain a certificate of need to construct its hospital addition and to obtain federal participation in its capital expenditures. The hearing officer found with certain modifications that there was no need for petitioner's proposed construction, but further found that under the Florida statute for licensing purposes, petitioner is exempt from the certificate of need provisions. While it is true that the petitioner fits the foregoing exemption of the Florida statute and is exempt from the certificate of need requirements of that law, we cannot say that such law in any way controls the Secretary on the question of whether or not he will approve federal participation in capital expenditures on petitioner's project without need being shown for such construction.
Petitioner in addition contends that it is exempt from certificate of need review procedures for federal capital expenditures participation by virtue of public law 92-603, Section 221(d), which exempted "a health care facility providing health care services as of December 18, 1970, which on such date is committed to a formal plan of expansion or replacement ..." The hearing officer found petitioner is not entitled to this exemption because such exemption contemplates health care services to the general public on the date in question and petitioner at that time was only providing health care services to its own personnel; that petitioner's hospital facility was not open to the public until January 17, 1971. Any ruling which we might make on this federal exemption would not be binding upon the Secretary. This is a question for the Secretary's determination and such Federal review as may thereafter be available.
The order of the hearing officer is AFFIRMED.
BOYER, C.J. concurs specially.
LEE, THOMAS E., Associate Judge, concurs.
BOYER, Chief Judge (concurs specially).
I agree that this Court can make no ruling which will be binding on the Secretary of Health, Education and Welfare of the United States. I must therefore concur in the result. However, I am of the view that Petitioner is entirely correct in its contention that by virtue of F.S. 381.497, it is exempt from all requirements that it obtain a certificate of need.[1] Petitioner's remedies, it seems to me are federal and not state.
NOTES
[1] For an analogous situation see Board of Trustees of Internal Improvement Trust Fund v. Bankers' Life and Casualty Company, etc., Fla.App. 1st, 1976, 331 So.2d 381, wherein this Court quoted with approval from a recitation in the order of the trial court as follows:

"There seems to be some question, not litigated here, as to the policy of the corps of engineers requiring the approval of the trustees before granting any permit for the filling of bottoms such as those here involved. To the extent that the trustees act as advisers on ecology to the federal authorities they function under federal law, and the propriety of their actions is not in issue here. However, the trustees as state officers have no authority to refuse to approve a permit proposed to be issued by the corps of engineers because of any claim of state title to the bottoms here involved. To this extent, the plaintiff is entitled to an injunction, if one be needed."