351 So.2d 945 (1977)
Leveral RAFFIELD, Petitioner,
v.
STATE of Florida, Respondent.
No. 49872.
Supreme Court of Florida.
July 14, 1977.
Rehearing Denied December 6, 1977.
*946 Guillermo A. Ruiz and Philip J. Padovano of Ruiz, Padovano & Schrader, St. Petersburg, for petitioner.
Robert L. Shevin, Atty. Gen., and Patti Englander, Asst. Atty. Gen., for respondent.
BOYD, Justice.
We are reviewing the decision of the District Court of Appeal, First District, reported at 333 So.2d 532 (Fla. 1st DCA 1976), because it conflicts with Hannigan v. State, 307 So.2d 850 (Fla. 1st DCA 1975).
This is the factual background as related in the opinion of the District Court. In early December of 1973 the Florida Department of Law Enforcement received information that Leveral Raffield was involved in importing marijuana somewhere along the Florida Panhandle. Suspicion of Raffield grew when Marine Patrol officers discovered tracks from a large vehicle and 261 grams of scattered marijuana on a creek bank, near his farm. Other government agents reported that Raffield, a former welfare recipient, was showing a lot of money and had purchased the forty-acre farm in his wife's name. The Department set up surveillance in a fire tower from which the creek bank and part of Raffield's property were in view.
In the meantime, government agents began to observe a Winnebago believed to have been purchased in Jacksonville by a suspected drug dealer. On December 23 the Winnebago, accompanied by a Dodge van and a pickup truck, headed north from Gainesville toward the Panhandle. At one a.m. the following morning, the day of Christmas Eve, agents observed the vehicles on a road leading to either Raffield's farm or Highway 71. Agents posted at Highway 71 did not see the vehicles pass. An hour and a half or so later the vehicles, much lower to the ground as if heavily laden, returned, presumably from Raffield's farm. They were stopped in Tallahassee at six a.m., Eastern Standard Time, and searched. Each contained marijuana and the drivers were arrested.
Upon learning of the arrests an attorney for the Florida Department of Law Enforcement directed agents to search Raffield's barn without attempting to obtain a warrant.[*] The barn was searched at nine a.m., Eastern Standard Time, and in it were discovered two vehicles, each holding large quantities of marijuana. Raffield's motion to suppress introduction of the marijuana was denied. At trial it was admitted into evidence over his objection. He was convicted of possession of marijuana and conspiracy to sell or deliver marijuana for which he received consecutive imprisonment sentences totalling ten years.
Raffield attacked his conviction before the district court for being obtained with evidence seized in an unreasonable search contrary to the Fourth Amendment to the U.S. Constitution. The state argued that the search was reasonable and therefore excepted from the warrant requirement in *947 two ways: Raffield consented to it and there existed exigent circumstances, coupled with probable cause to search. The district court declined to consider the issue of consent because it found the latter exception to apply and affirmed the conviction. Judge Mills dissented because he could not find that exigent circumstances existed.
We agree with Judge Mills. The state has the burden of showing a warrantless search comes within an exception to the warrant requirement. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). It has not met that burden here.
Probable cause to search plus exigent circumstances will usually justify a warrantless search. Vale v. Louisiana, 399 U.S. 30, 90 S.Ct. 1969, 26 L.Ed.2d 409 (1970). The state claims that the circumstances under which the search of Raffield's barn was undertaken were sufficiently exigent because it was likely that the arrested drivers would alert Raffield by telephone call so that he could dispose of the marijuana and because it was too difficult to obtain a warrant on the morning of Christmas Eve. These contentions do not carry the state's burden of showing the search to be within an exception to the warrant requirement.
The timing of the drivers' arrest does not justify the warrantless search, either. Once the drivers were arrested and the agents unquestionably had probable cause to search Raffield's premises there should have been an attempt to obtain a warrant because the agents had no reason to believe Raffield would learn of the arrest before its issuance. There were five circuit judges in the circuit encompassing Gulf County, not to mention county judges who serve as magistrates. The agents and the Department attorney should have assumed that these judicial officers would have entertained a warrant request even on Christmas Eve. If a magistrate could not have been located and the agents reasonably believed that the evidence might have been destroyed then exigent circumstances would have existed. Even had such an attempt been made, however, the existence of an emergency plus probable cause would not have made the warrantless search reasonable under the circumstances of this case.
As the district court said in Hannigan, supra,
"Inasmuch as appellant's arrest was obviously part of a substantial well-planned drug `bust', the police should have had a judge at hand for the consideration of search warrant applications, or at least had one on call." 307 So.2d at 852.
The Department of Law Enforcement had staked out Raffield's farm in early December and surveillance continued uninterruptedly as the Christmas holidays approached. The proper course would have been to have made arrangements for a judicial officer's availability for warrant purposes. If such an arrangement had not worked and alternative attempts to locate a magistrate had failed, a warrantless search could have been undertaken once sufficient time had passed to make substantial the likelihood that Raffield would soon learn of the arrests. The officers inaction in the face of the requirements of the Fourth Amendment subjects the seized marijuana to the exclusionary rule unless saved by the state's claim that Raffield consented to the search. That issue, left open by the district court opinion, has not been briefed or properly argued before this Court.
For that reason, the cause is remanded to the district court to consider the issue of consent and its decision is quashed to the extent it is inconsistent with this opinion.
It is so ordered.
ADKINS, HATCHETT and KARL, JJ., concur.
OVERTON, C.J., dissents.
NOTES
[*] The attorney felt a warrantless search was justified for two reasons. First, he feared marijuana in the barn would be destroyed since it was likely the arrested men would alert Raffield by telephone call. Second, he felt it would be difficult to secure a warrant on Christmas Eve. The attorney later conceded that although Raffield had been under suspicion for several weeks no attempt was made to learn of the availability of a magistrate should a search warrant be needed. Likewise, no effort was made to obtain a warrant during the three hours which elapsed between the arrests of the drivers and the search.