350 So.2d 834 (1977)
Austin L. DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 77-25.
District Court of Appeal of Florida, Second District.
October 19, 1977.
*835 Richard D. Mars, Lakeland, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and C. Marie King, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Acting Chief Judge.
Appellant was convicted of possession of more than five grams of marijuana in violation of Section 893.13, Florida Statutes (1975). In this appeal, he raises three points worthy of discussion.

Denial of Motion to Suppress
The testimony at the suppression hearing showed that at 1:45 a.m. a confidential informant told the police that an automobile with marijuana in it was parked at the Eastgate Liquor Lounge in Lakeland. The informant had provided reliable information in the past. The informant stated that he had seen the marijuana in the trunk a short time before. He described the make, year, and license number of the automobile. At 1:55 a.m. two police officers found the automobile at the lounge and placed it under surveillance. At 2:20 a.m. appellant and a female companion came out of the lounge and drove off in the automobile which was under observation. The police stopped the automobile at 2:30 a.m. and found marijuana in the trunk.
In view of the previous reliability of the informant, the fact that he had recently seen the marijuana in the automobile, and the corroborating circumstances observed by the officers, we believe the police had probable cause to search the vehicle. Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959). The exigent circumstances obviated the need for a search warrant. Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). Therefore, the motion to suppress was properly denied.

Denial of Motion for Judgment of Acquittal
At the trial both arresting officers gave essentially the same testimony. After telling why they had the car under surveillance and caused it to be stopped, they related what happened at the scene. As soon as the car was stopped, the officers asked the appellant to open the trunk. He acted very nervous. The appellant asked the officers if they had a search warrant and when he was told they did not, he asked his companion to contact his attorney. He also told the officers that he did not have the key to the trunk. The officers informed the appellant that while they did not have a search warrant, they did have probable cause to believe that he was transporting contraband. They had the appellant empty his pockets and found the key to the trunk. Upon opening the trunk, the officers observed a large amount of marijuana.
The appellant contends that his motion for a directed verdict of acquittal should have been granted. He contends that in attempting to show that he had constructive possession of the marijuana, the state *836 failed to prove that he had knowledge of its presence.
There is no doubt that knowledge is a necessary element of constructive possession. Hively v. State, 336 So.2d 127 (Fla. 4th DCA 1976); Frank v. State, 199 So.2d 117 (Fla. 1st DCA 1967); Spataro v. State, 179 So.2d 873 (Fla. 2d DCA 1965). However, knowledge may be shown by either direct or circumstantial evidence. Willis v. State, 320 So.2d 823 (Fla. 4th DCA 1975); Frank v. State, supra. We believe the facts that appellant had possession of the trunk key and attempted to conceal it were sufficiently incriminating circumstances from which the jury could infer that he knew marijuana was in the trunk and that it was in his constructive possession.

Denial of Motion for Mistrial
During redirect examination of one of the arresting officers, the following dialogue occurred in the presence of the jury:
"MR. PICKARD [prosecutor]: Were you informed by the confidential informant who the marijuana belonged to?
PRESCOTT: It was purported to belong to Mr. Davis."
Defense counsel immediately moved for a mistrial. The court instructed the jury to disregard the question and answer, but did not grant a mistrial.
Ordinarily, a curative instruction will obviate the reception of inadmissible evidence. However, here the appellant testified that he had loaned his car to a third party earlier in the evening and did not know there was marijuana in the trunk. Except for the circumstantial evidence discussed earlier in this opinion, there was nothing before the jury which would tend to prove the appellant had knowledge of the marijuana. Therefore, the officers' hearsay observation which implicated the appellant was particularly significant. There is no way for us to know whether this statement influenced the jury in returning its verdict of guilt, but the danger is too great. Cf. Smith v. State, 194 So.2d 310 (Fla. 1st DCA 1967). The state's contention that the prosecutor's question was permissibly prompted by cross-examination is without merit. The cross-examination in this regard simply established that the confidential informant did not tell the police that the appellant was present when the marijuana had been observed.
The motion for mistrial should have been granted. Accordingly, the judgment is reversed and the case is remanded for a new trial.
OTT and RYDER, JJ., concur.