356 So.2d 32 (1978)
Roy Lee ST. JOHN, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. GG-227.
District Court of Appeal of Florida, First District.
March 1, 1978.
Rehearing Denied March 28, 1978.
*33 Michael J. Minerva, Public Defender, Tallahassee, for appellant.
Robert L. Shevin, Atty. Gen., and A.S. Johnston, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Judge.
Appellant pleaded nolo contendere to a charge of possession of more than five grams of marijuana, reserving the right to appeal and to assert error in the trial court's denial of appellant's motion to suppress evidence seized in a warrantless search of his automobile. Adjudication of guilt was withheld and appellant was placed on probation for eighteen months. Appellant appeals from the trial court's order placing him on probation. Section 924.06(1)(b), Fla. Stat. (1975).
At the hearing on appellant's motion to suppress, police officer E.B. Prescott testified to the following facts: On February 5, 1977, a confidential informant told Officer Prescott that appellant had five to seven pounds of marijuana in a white over blue '63 or '64 Chevrolet and gave the license tag number of the car, a brief description of appellant, and appellant's address. Officer Prescott testified that he had known the informant for several years and knew him to be reliable, but did not ask how or when he had received the information.
Three to four hours later, at 12:40 a.m., Officer Prescott saw appellant sitting in an automobile in front of the address supplied by the informant. The automobile matched the informant's description. Solely on the basis of the informant's tip, Officer Prescott pulled up beside appellant's car and asked him to step out and show his identification. With appellant out of the car, Officer Prescott put his head into the automobile, through an open window or door, and smelled marijuana. He then searched the trunk, finding nothing, and the interior of the car, finding marijuana in a paper sack on the right front floorboard. Officer Prescott did not see or smell marijuana from outside the automobile. The trial judge found that the search of the car's interior was reasonable, and denied the motion to suppress. We reverse.
As the trial judge noted, Officer Prescott had a duty to investigate the information given him by the informant, because it gave rise at least to a well-founded suspicion that appellant was committing a crime. On that basis, Officer Prescott properly detained the appellant, asked him to identify himself, and was authorized to search to the extent necessary to disclose the presence of a weapon. Section 901.151, Fla. Stat. (1975); Williams v. State, 294 So.2d 37 (Fla. 3d DCA 1974, cert. denied, 299 So.2d 602 (Fla. 1974). A general search of the automobile for contraband, however, was impermissible as incident to the lawful detention. Harris v. State, 352 So.2d 1269 (Fla. 2d DCA 1977).
To escape suppression, the contraband must have been in plain view, State v. Ashby, 245 So.2d 225 (Fla. 1971), or the informant's tip must have been legally sufficient to give the police officer probable cause to believe that the automobile contained contraband, Davis v. State, 350 So.2d 834 (Fla. 2d DCA 1977). It is not a search for an officer to observe contraband in plain view, or as here, to detect the odor of marijuana from a place where he has a right to be. State v. Ashby, supra; McGowan v. State, 351 So.2d 1116 (Fla. 4th DCA 1977). In this case, however, the police officer testified that he did not see or smell marijuana until he put his head inside the car, where the officer did not have a right to be without probable cause to believe that the automobile contained contraband.
Although the contraband was not in plain view, the warrantless search of the automobile was permissible if the trial court could verify that the informant's tip *34 gave rise to probable cause for the police officer to believe that the automobile contained contraband. Davis v. State, 350 So.2d 834 (Fla. 2d DCA 1977). In this case, since probable cause was based on an informant's tip, the trial court was required to make factual findings that the informant was reliable and the information credible. Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); State v. Lee, 313 So.2d 441 (Fla. 2d DCA 1975); Samuels v. State, 318 So.2d 190 (Fla. 2d DCA 1975), cert. denied, 330 So.2d 21 (Fla. 1976). The trial court made no such findings and the record is inadequate with respect to the reliability of the informant.
Therefore, the order of the trial court placing appellant on probation is REVERSED and the case is REMANDED for further proceedings, which may include a hearing and determination of whether the informant was reliable and the information credible at the time the information was given.
MILLS, Acting C.J., concurs.
MELVIN, J., dissents.
MELVIN, Judge, dissenting.
I dissent. It is my view that the informant's tip was legally sufficient to give the officer probable cause to believe, and the officer, based thereon, did believe, that the automobile contained the contraband which he later found in a paper sack on the right front floorboard.