365 So.2d 1048 (1978)
Kenneth Allen RALEIGH, Appellant,
v.
STATE of Florida, Appellee.
No. 77-734.
District Court of Appeal of Florida, Fourth District.
December 27, 1978.
*1049 L. Van Stillman of Bass, Stillman & Goldenberg, Fort Lauderdale, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Benedict P. Kuehne, Asst. Atty. Gen., West Palm Beach, for appellee.
DAUKSCH, Judge.
This is an appeal from a conviction of possession of more than 100 pounds of marijuana. The question is whether the court erred in refusing to suppress certain of the evidence.
At 1:00 A.M. the police officer was told by another officer the appellant was driving in a manner to make him a suspect intoxicated driver. The police officer stopped appellant and was of the opinion he was intoxicated but smelled no odors usually associated with alcoholic beverages. The officer noticed two other persons in appellant's car and, after questioning appellant outside his car for a while, walked over to the car and asked the others to get out. After the others exited, the officer leaned into the car and detected an odor of burning marijuana. He arrested appellant for driving under the influence of a narcotic and began a search of the car which turned up burnt residue in the ash tray with a marijuana odor. He questioned appellant about the marijuana and asked for consent to search the trunk of the car. Appellant did not reply. The officer had found a key which appeared to be a Ford trunk key underneath a rubber mat on the driver's side of the car. He opened the trunk to the appellant's Ford and found a load of marijuana.
To justify this search it must be either a search pursuant to a warrant, a consent search, a search incident to a lawful arrest, a probable cause without warrant search or an inventory. There was no warrant and there was no consent. Mere acquiescence to apparent authority is not necessarily consent. Ingram v. State, 364 So.2d 821 (Fla. 4th DCA 1978). Additionally, the officer testified he asked for permission to search the trunk and was not given consent. This is, of course, reasonable to believe since the trunk contained in excess of one hundred pounds of marijuana.
For us to analyze are the initial stop and detention; the officer's intrusion into the appellant's car by leaning into it and "sniff-searching;" the search and seizure of items from the interior of the car; and, finally the search and seizure in the trunk.
The officer properly stopped the appellant in his car and detained him to determine if the errant driving was a risk on the highway. State v. Stevens, 354 So.2d 1244 (Fla. 4th DCA 1978); Bailey v. State, 319 So.2d 22 (Fla. 1975).
The intrusion into the car in order to sniff around or otherwise search was a warrantless and unwarranted intrusion by the *1050 officer into a place he had no right to be. St. John v. State, 356 So.2d 32 (Fla. 1st DCA 1978). State v. Ashby, 245 So.2d 225 (Fla. 1971). Had he detected the odor of marijuana outside the car and coupled with the unsteady behavior of the appellant together with appellant's reported erratic driving then we might have reached a different conclusion. The officer did not have a right to go into the vehicle to search for evidence. He did not testify he was conducting an inventory of the car and in fact had not arrested appellant before entering his car.
The seizure of the marijuana cigarette butts was a direct result of the unlawful intrusion and search and that evidence must be suppressed.
The seizure of the key from the interior of the car and the search of the trunk are a direct result of and directly follow the unlawful police actions and must also be disapproved both as "fruit of the poisoned tree" and as a search of the trunk on its own without consent or probable cause. The arrest did not justify the search of the trunk. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); State v. Jenkins, 319 So.2d 91 (Fla. 4th DCA 1975).
The conviction, sentence and order denying the motion to suppress are reversed and this cause remanded for further proceedings.
REVERSED AND REMANDED.
DOWNEY, C.J., and BURNSTEIN, MIETTE, K., Associate Judge, concur.