PER CURIAM.
Addison appeals his conviction for possession of cocaine and sentence of two years following a plea of nolo contendere reserving the right to appeal the denial of his motion to suppress based on the ground that the initial stop was illegal. We affirm. We find that there was probable cause, or at least a well-founded suspicion, to believe Addison possessed contraband in his automobile at the time of the stop. The facts giving rise to the probable cause were provided by personal observation and by a confidential informant. After the stop took place, the frisk was warranted, especially in light of information that Addison carried a knife. While conducting the frisk, the arresting officer saw, in plain view, contraband in the car. Therefore, the subsequent search based on consent and probable cause was proper. See generally, St. John v. State, 356 So.2d 32 (Fla. 1st DCA 1978). The police were justified in not seeking a warrant before Addison drove off in his car because probable cause for a search was arguably still developing. Compare Hornblower v. State, 351 So.2d 716, 718 (Fla.1977) (“ample probable cause”) and Raffield v. State, 351 So.2d 945, 947 (Fla.1977) (“unquestionable probable cause”). By the time there was ample probable cause, there existed exigent circumstances. Davis v. State, 350 So.2d 834, 835 (Fla. 2d DCA 1977), cert. denied, 355 So.2d 517 (Fla.1978). Finally, although Officer Seda, the arresting officer, did not have firsthand knowledge of the facts supporting the confidential informant’s reliability, Officer Kish, the fellow officer who told Seda the facts relayed by the informant, did have such firsthand knowledge and testified to the facts supporting reliability and credibility at the suppression hearing. See U. S. v. Ashley, 569 F.2d 975, 983 (5th Cir. 1978), cert. denied, 439 U.S. 853, 99 S.Ct. 163, 58 L.Ed.2d 159 (1978); Crawford v. State, 334 So.2d 141, 142 (Fla. 3d DCA 1976); Salas v. State, 246 So.2d 621, 622 (Fla. 3d DCA 1971). Compare Sagonias v. State, 89 So.2d 252 (Fla.1966) relied upon in Hyatt v. State, 329 So.2d 43 (Fla. 1st DCA 1976), cert. denied, 341 So.2d 1085 (Fla.1976) (officer having firsthand knowledge didn’t testify); St. John v. State, 363 So.2d 862 (Fla. 4th DCA 1978).
AFFIRMED.
ROBERT P. SMITH, Jr., ERVIN and BOOTH, JJ., concur.