McCORD, Judge.
Having pled nolo contendere to three counts of possession of controlled substances contrary to the provisions of § 893.-13(l)(e), Florida Statutes, appellant appeals from the trial court’s denial of his motion to suppress evidence found in his car. We affirm.
At approximately 10:30 a. m. on May 15, 1979, Detective George Howell of the Vice Squad of the Duval County Sheriff’s Office received a tip from a confidential informant, whom he characterized as previously reliable. Howell testified that he had known the confidential informant for at least three to four months and had successfully obtained search warrants on information received by the informant. He testified that three arrests had been made of persons who had been trafficking in drugs based on information received from the confidential informant. The informant notified Howell that appellant and a Mr. Thomas were going to Orlando from Jacksonville to obtain controlled substances and that they would return to Jacksonville with those substances. Earlier, Officer Howell had been advised by the informant that appellant “had been using his automobile and traveling to Orlando and picking up drugs and returning to Jacksonville.” Howell knew that appellant’s pattern was to return home with his contraband. The informant had previously told him that he had been present when appellant returned to his home, and he had observed appellant remove drugs from his car and take them into his home. Appellant had told the informant where he had obtained the drugs. Howell had been expecting a call from the informant to tell him when appellant would be making his next trip.
After receiving the tip, Howell went to appellant’s residence to determine whether appellant’s car was there. He found that the ear was not at the home and he could not locate it at the other places he checked. At approximately 12:30 p. m., Howell returned to the police station and attempted to obtain appellant’s tag number from the *477 National Crime Information Center, but was unsuccessful since several tags were listed in appellant’s name, and it was unclear as to which cars they were assigned. Howell testified that he knew appellant’s car by sight and could describe it specifically. Shortly thereafter, Howell went to the State Attorney’s Office on other business and, while there, he sought advice as to whether or not he should seek a warrant to search appellant’s car when appellant returned to Jacksonville. Because there was no indication from the tip when or how appellant would return to Jacksonville, because Howell was unable to obtain the tag number for the car, and because the Assistant State Attorney who spoke to Howell indicated that no warrant could be obtained based on the circumstances at that time, Howell returned to the police station to pick up his partner in order to drive out to the interstate highway and wait for appellant’s car to pass. Howell sent another police team to cover a second major road into Jacksonville from Orlando. Howell and his partner parked on an interstate exit at approximately 3:30 p. m. and at approximately 5:00 p. m., he spotted appellant’s car proceeding on the interstate toward Jacksonville. With the assistance of a uniformed patrol car, he stopped appellant’s vehicle, finding appellant and Mr. Thomas therein. Officer Howell and his partner then searched appellant’s car. They found contraband in the interior of the car and in the locked trunk. Thereupon, appellant was arrested.
The trial court denied appellant’s motion to suppress but made no specific finding regarding the informant’s reliability. Appellant asserts that Officer Howell did not have sufficient information to provide probable cause to search the vehicle and that, even if he had had probable cause to search the interior of the vehicle, the search of the locked trunk was invalid since there was no need for the police to unlock the trunk without a warrant. He contends that there was even less necessity or justification for the police to open a manila envelope, which contained drugs, found in the locked trunk. Appellant further asserts that the trial court erred in failing to make a specific finding as to the reliability of the informant, especially since the informant’s tip is the basis for probable cause in this case. Appellant relies upon St. John v. State, 356 So.2d 32 (Fla. 1 DCA 1978); Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); and Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).
The record supports a finding that Howell had probable cause, based on the tip, to search appellant’s vehicle. That probable cause, coupled with the existence of exigent circumstances excuses Howell’s failure to obtain a warrant. Howell’s probable cause was not complete enough to obtain a warrant until he saw appellant and Mr. Thomas on the interstate at 5:00 p. m. At that point, the reliability of the tip was confirmed, and Howell had sufficient probable cause to conduct the search. It was then too late to obtain a warrant, and exigent circumstances justified stopping the car and conducting the search without a warrant. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); Benton v. State, 329 So.2d 385 (Fla. 1 DCA 1976).
The officers were justified in searching the locked trunk of the vehicle and the manila envelope since they had sufficient probable cause to believe that contraband would be found therein. U.S. v. Soriano, 497 F.2d 147 (5th Cir. 1974), and Rapp v. State, 389 So.2d 1100 (Fla. 1st DCA 1980).
Since probable cause in this case is based solely on the reliability of the informant, appellant’s contention that the trial court should have made a specific finding as to the reliability of the informant in the order on the motion to suppress is the primary question for review. In the St. John case, this Court ruled, citing Spinelli and Aguilar, that when probable cause is based on an informant’s tip, the trial court is required to make factual findings that the informant was reliable and the information credible. In St. John, the trial court made no such specific finding. This Court found *478 that the record was inadequate with respect to reliability of the informant and that the other ground on which the trial court could have upheld the search (plain view) was invalid. Thus, this Court reversed and remanded for further proceedings “which may include a hearing and determination of whether the informant was reliable and the information credible at the time the information was given.”
St. John, Aguilar and Spinelli do not require reversal in this case, but, to the contrary, those cases lend support to affirmance. Here, unlike St. John, the record is adequate to support a finding that the informant was reliable. In denying the motion to suppress, the trial court implicitly made such a finding since validity of the search was based on the probable cause created by the informant’s tip. Thus, the letter and spirit of the above-cited cases were not violated here. In those cases, the emphasis was placed on the trial court (or magistrate in the cases of Aguilar and Spi-nelli which involved the sufficiency of search warrant affidavits) being properly presented with the factors which established reliability of informants. The emphasis there was not on the trial court itself making a specific finding that the informant was reliable. Those cases do not indicate that, upon an adequate record, an implicit finding to that effect is insufficient. To remand this cause merely to require the trial court to spell out that the informant was reliable would amount to a useless gesture.
We affirm.
MILLS, C. J., and THOMPSON, J., concur.