MILLS, Judge.
Lara pled nolo contendere to a charge of possession of cocaine, reserving the right to appeal the denial of his motion to suppress evidence discovered in a warrantless search of his car. We affirm.
In May 1985, an officer stopped Lara for speeding. Lara exited the vehicle and was asked for his license and registration. Lara produced the license, but had to re-enter the vehicle on the passenger side to retrieve the registration from the glove compartment. The officer remained outside the open door until he saw that Lara was having trouble opening the compartment. He then leaned into the vehicle to assist him and detected an odor of marijuana which had not been noticeable from outside the car. A subsequent search of the vehicle led to the discovery of the co *1312 caine upon which the instant charge was based.
The motion to suppress did not allege that the odor of marijuana could not have given the officer probable cause to conduct a further search of the car. Rather, it relied on St. John v. State, 356 So.2d 32 (Fla. 1st DCA 1978) and Raleigh v. State, 365 So.2d 1048 (Fla. 4th DCA 1978) to contend that the act which enabled him to detect that odor, i.e., leaning into the vehicle, was an illegal warrantless search. In both of these cases, the defendants were arrested for possession after the officer leaned into their cars, smelled marijuana and conducted a subsequent search. The evidence was suppressed in both cases, the court finding that the officers had no probable cause to lean into the cars.
We do not agree that these decisions are controlling under the facts of this case. In both St. John and Raleigh, the officers removed the occupants from the cars and deliberately leaned in to “sniff around” without reason to do so. The St. John court acknowledged that it was not a search for an officer to detect the odor of marijuana from a place where he has a right to be, St. John at 33, but simply held that, because the officer had no probable cause to do a “sniff search,” he had no right to lean into the vehicle to do so. Here, the evidence supports the conclusion that upon observing Lara’s difficulty in opening the compartment containing the vehicle registration, the officer leaned in to assist him and at that time smelled marijuana. He did not lean in with the purpose of conducting a sniff search as in St. John and Raleigh.
Further, we find that this factual situation is controlled by N.Y. v. Class, — U.S. -, 106 S.Ct. 960, 89 L.Ed.2d 81 (1986). In that case, the officer stopped a vehicle for traffic infractions. In the course of reaching into the vehicle to remove papers which were obscuring the vehicle identification number (VIN) on the dashboard, the officer observed the handle of a gun sticking out from under the car seat.
In affirming the denial of a motion to suppress that evidence, the U.S. Supreme Court noted that automobiles are “justifiably the subject of pervasive regulation by the State. Every operator of a motor vehicle must expect that the State, in enforcing its regulations, will intrude to some extent upon that operator’s privacy.” Class at-, 106 S.Ct. at 965, 89 L.Ed.2d at 90. Because the identification number is an important part of that regulation, “a motorist must surely expect that such regulation will on occasion require the state to determine the VIN of the vehicle” especially where a traffic violation has been committed, further diminishing any expectation of privacy. Class at-, 106 S.Ct. at 965, 89 L.Ed.2d at 90 citing Delaware v. Prouse, 440 U.S. 648, 659, 99 S.Ct. 1391, 1399, 59 L.Ed.2d 660 (1979) (vehicle stops for traffic violations occur countless times each day and on these occasions, licenses and registration papers are subject to inspection).
Despite a lesser expectation of privacy, the Class court did find that “a car’s interi- or as a whole is nonetheless subject to Fourth Amendment protection from unreasonable intrusions by the police.” In determining the reasonableness of the intrusion, the court noted that the nature and quality of the intrusion must be balanced against the importance of the governmental interest alleged to justify it. The court found that the governmental interest in highway safety was “of the first order” and that, in this case, the search was focussed and no more intrusive that necessary: the officer did not root about the interior, reach into compartments, open containers or intrude at all until it became necessary to read the VIN. Class, — U.S. at-, 106 S.Ct. at 968, 89 L.Ed.2d at 93. The court concluded that, under these circumstances, the search was sufficiently unintrusive to be constitutionally permissible.
Here, the purpose of the intrusion into the vehicle was to obtain its registration papers following an infraction of the state’s highway laws. Further, the officer did not even look around, much less “root about the interior,” look into compartments *1313 or containers or intrude at all until difficulty arose in obtaining the required papers. We find this search constitutionally permissible.
Affirmed.
SHIVERS and JOANOS, JJ., concur.