539 So.2d 492 (1989)
STATE of Florida, Appellant,
v.
Majid Mark ABIRI, Appellee.
No. 88-1150.
District Court of Appeal of Florida, Second District.
February 3, 1989.
Rehearing Denied March 13, 1989.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol M. Dittmar, Asst. Atty. Gen., Tampa, for appellant.
Catherine B. Bowles of the Office of Dick Lee, Sarasota, for appellee.
PARKER, Judge.
The state appeals an order of the trial court granting Abiri's motion to suppress evidence[*] seized from his vehicle. We reverse.
Detective Mercurio of the Sarasota County Sheriff's Office obtained the information leading to this seizure from an untested confidential informant eleven days prior to the search. The informant advised Mercurio that Abiri was a known narcotics dealer and could supply several pounds of marijuana. Mercurio directed the informant to arrange for Abiri to deliver fifteen pounds of marijuana to a designated location. The informant provided Mercurio with Abiri's full name, a description of Abiri, the year and description of Abiri's car, including the color and the type of wheels. The informant also provided the exact time and the location where Abiri was to deliver the marijuana.
Abiri appeared at the designated location at the predetermined time driving a car resembling that previously described by the informant. The physical description of Abiri also matched that given by the informant. The informant was present with Mercurio at the scene and identified Abiri. Abiri was then detained and arrested. The contested evidence was seized from Abiri's vehicle.
*493 The trial judge in granting the motion to suppress the seized evidence observed that there was probable cause for the search, but since probable cause was present for at least twenty-one hours before the search, the warrantless search of the car, without exigent circumstances, required suppression. We disagree.
In Baxter v. State, 390 So.2d 475 (Fla. 1st DCA 1980), the first district recognized the necessity of verification of an informant's tip in establishing probable cause. See also Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), noting that under the totality of the circumstances, corroboration of an informant's tip by independent police work is of significant value in determining probable cause. Id. at 241, 103 S.Ct. at 2333. The warrantless search of an automobile based on information received by a confidential informant was also upheld in United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). In Ross, the informant described an individual who was selling drugs from a described vehicle at a specific location. Because probable cause was established when the officers observed the individual, thus corroborating the tip, the search was valid under the automobile exception enunciated in Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925).
Until Abiri appeared at the scene confirming the informant's tip, the reliability of the confidential informant had not been established since he or she had only provided information for eleven days, none of which was corroborated. The specificity of the information furnished, by itself, is insufficient to establish probable cause until validated by the officer's observations. State v. Augustyn, 490 So.2d 104 (Fla. 2d DCA 1986) (Lehan, J., dissenting). Therefore, probable cause did not arise in the present case until the information supplied to Detective Mercurio was verified by his observation of Abiri at the prearranged place and time. At that point, exigent circumstances clearly existed to support a warrantless search of Abiri's car. See Raffield v. State, 351 So.2d 945 (1977); Engle v. State, 391 So.2d 245 (Fla. 5th DCA 1980) (where probable cause exists to search and exigent circumstances are present, this situation creates an exception to the necessity of obtaining a search warrant before a search).
We, therefore, reverse the trial court's order of suppression and remand for further proceedings.
SCHEB, A.C.J., and HALL, J., concur.
NOTES
[*] The evidence which was seized and ordered suppressed consisted of fifteen pounds of marijuana, cannabis smoking pipes, a cigarette roller, cigarette rolling papers, and a steel bar.