PER CURIAM.
The appellant was convicted of unlawful purchase of contraband after a nolo conten-dere plea preserving her right to appeal a denial of her previously filed motion to suppress. We find no error in the denial of the motion to suppress, State v. Evans, 620 So.2d 802 (Fla. 2d DCA1993); Minnis v. State, 577 So.2d 973 (Fla. 4th DCA1991); State v. Abiri, 539 So.2d 492 (Fla. 2d DCA1989); Bussey v. State, 528 So.2d 955 (Fla. 3d DCA1988); State v. Ruiz, .526 So.2d 170 (Fla. 3d DCA1988); State v. Lewis, 518 So.2d 406 (Fla. 3d DCA1988); State v. Hetland, 366 So.2d 831 (Fla. 2d DCA1979); State v. Williams, 358 So.2d 1094 (Fla. 1st DCA1978); State v. Mullin, 286 So.2d 36 *870 (Fla. 3d DCA1973); Nix v. Williams, 467 U.S. 431, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984); Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); § 939.01(1), Fla.Stat. (1987), but do find error in the taxing of attorney’s fees as costs against her in the amount of $525.00, allegedly pursuant to section 939.01, Florida Statutes (1991). See Smith v. State, 606 So.2d 427 (Fla. 1st DCA1992). Therefore, we affirm the adjudication of guilt and sentence thereon, but we strike from the sentencing order the award of $525.00 attorney’s fees as costs against the appellant.
Affirmed as modified.