PER CURIAM.
This is an appeal from an order that adjudges S.S. to be delinquent for possession of cocaine and places him on community control. We reverse.
The following facts are undisputed: Appellant, S.S., borrowed a book bag on the morning in question from P.A., another student at Sebastian River Middle/Junior High School. Appellant apparently borrowed P.A.’s book bag with some frequency. After borrowing P.A.’s book bag, appellant put his books, lunch money, candy and folders in the bag and held on to it until Ms. Lee, an assistant principal, directed appellant to her office and searched the book bag. According to Ms. Lee, she asked him to do so because she had “seen something transact between two students in the hallway between the change of classes. [Appellant] put something into his bag. I followed him to his classroom. He was standing in class with another student. He had his hand in the bag.”[1] Ms. Lee’s seareh of the book bag revealed books, folders, and a folded trenchcoat. Inside the pocket of the folded trenchcoat Ms. Lee found six foil-wrapped packets containing what turned out to be cocaine. As Ms. Lee pulled the packets out of the coat pocket, appellant, prior to her opening same, stated, “That’s not mine.” Ms. Lee’s investigation revealed that the book bag in fact belonged to P.A.
An investigator for the Indian River Sheriffs Department, Darin Jones, testified to P.A.’s corroboration of appellant’s testimony. According to Jones, P.A. indicated that he borrowed his father’s trenchcoat and that when he arrived at the bus stop, he felt inside the pocket and felt a large sum of money and removed an item wrapped in silver, like a cocaine rock. However, the school bus arrived and he simply rolled up the coat and put it inside the book bag. P.A. stated that he agreed to lend his bag to appellant. He further stated that he knew that his father sold drugs and, in his nervousness over finding the cocaine, P.A. took the money from the coat, but left the aluminum packets inside the coat pocket. Jones further testified that P.A.’s father subsequently went to the jail, stated that the $345 belonged to him and demanded its return.
We reverse on the authority of State v. Law, 559 So.2d 187 (Fla.1989). In that case, the supreme court held that the trial court should grant a judgment of acquittal “in a circumstantial evidence case if the state fails to present evidence from which the jury can exclude every reasonable hypothesis except that of guilt.” Id. at 188. The supreme court went on to define its criteria for “insufficient evidence” by reiterating the rule it pronounced in Lynch v. State, 293 So.2d 44 (Fla.1974), that “if the state does not offer evidence which is inconsistent with the defendant’s hypothesis, ‘the evidence (would be) such that no view which the jury may lawfully take of it favorable to the (state) can be sustained under the law’ ”. Law, 559 So.2d at 188-189, quoting Lynch, 293 So.2d at 45. *143 There was no evidence presented below that appellant knew of the cocaine’s nearby presence, and knowledge is a necessary element of constructive possession. See Davis v. State, 350 So.2d 834 (Fla. 2d DCA 1977). We are aware that even in circumstantial evidence cases, the state does not have to rebut conclusively every possible variation of events which could be inferred from the evidence. The state need only introduce competent evidence which is inconsistent with the defendant’s theory of events. See Nau-mowicz v. State, 562 So.2d 710 (Fla. 1st DCA 1990), rev. denied, 576 So.2d 289 (Fla.1991). In this case, however, the state has presented no competent evidence to refute appellant’s version of the events that occurred.
We therefore reverse appellant’s adjudication of delinquency and judgment of guilt, and remand with directions to the trial court to discharge appellant as to this offense.
HERSEY, POLEN and STEVENSON, JJ., concur.

. Ms. Lee testified she thought appellant might be exchanging candy, of which the school administration disapproves.