922 So.2d 384 (2006)
Chavis ZEIGLER, Appellant,
v.
STATE of Florida, Appellee.
Tristan Ellis, Appellant,
v.
State of Florida, Appellee.
Nos. 1D05-314, 1D05-315.
District Court of Appeal of Florida, First District.
March 7, 2006.
*385 Nancy A. Daniels, Public Defender, and Phil Patterson, Assistant Public Defender, Tallahassee, Attorneys for Appellants.
Charlie Crist, Attorney General, and Daniel A. David, Assistant Attorney General, Tallahassee, Attorneys for Appellee.
THOMAS, J.
This is a consolidated appeal from the trial court's denial of Appellants' motions to suppress. Because we agree with the trial court that this case is distinguishable from State v. Diaz, 850 So.2d 435 (Fla. 2003), and because we find it distinguishable from this court's decision in Fernandez v. State, 917 So.2d 1022 (Fla. 1st DCA 2006), we affirm.
Appellant Ellis was the driver and Appellant Zeigler was a passenger in a vehicle which was stopped by Officer Brownfield, an officer with the Columbia County Sheriff's Office, because he was unable to see the vehicle's license tag, in violation of section 320.13(4), Florida Statutes (2003). However, as Officer Brownfield was approaching the stopped vehicle, he saw that a temporary tag was properly displayed. Officer Brownfield continued to approach the vehicle and asked to see Appellants' identification. Appellant Ziegler rolled down his window, and almost immediately Officer Brownfield smelled burnt marijuana emanating from the vehicle. Thereafter, Officer Brownfield detained Appellants and called for back-up assistance. Officer Brownfield obtained consent for a search of the vehicle and discovered 50 grams of cocaine, several small bags of marijuana, drug paraphernalia, and $676. Appellants pled no contest to trafficking in cocaine and possession of marijuana and preserved their right to appeal the trial court's denial of their dispositive motions to suppress.
Appellants argued below that the contraband should have been suppressed under the holding in Diaz because Officer Brownfield was not allowed to ask for their identification once it was established that the license tag was properly displayed. In Diaz, the supreme court held that continued detention of a driver is improper once the officer fully satisfies the purpose for the initiated stop. 850 So.2d at 440. However, as the court explained, "the sheriff's deputies could lawfully make personal contact with Mr. Diaz only to explain to him the reason for the initial stop." Id.
According to the supreme court's ruling, Officer Brownfield had the legal authority to make personal contact with Appellants and to be in a position to smell the marijuana. An officer may use his sense of smell from a place where he may lawfully be to develop probable cause for a detention. See Lara v. State, 497 So.2d 1311, 1312 (Fla. 1st DCA 1986). Once Officer Brownfield smelled the marijuana, he was entitled to detain Appellants. See, e.g., State v. Betz, 815 So.2d 627 (Fla.2002).
Although Officer Brownfield impermissibly asked for Appellants' identification, the trial court correctly determined that the contraband was not required to be suppressed. Under the inevitable discovery rule, when evidence is obtained through the result of unconstitutional police procedures, the evidence will still be admissible if it would have been discovered through legal means. See Jeffries v. State, 797 So.2d 573, 577-578 (Fla.2001). Here, the trial court determined that Officer Brownfield smelled marijuana when he went to Appellants' stopped vehicle. Had Officer Brownfield immediately explained the reason for the stop when he made personal contact with Appellants, rather than first asking Appellants for their identification, he would have still smelled marijuana and thus developed probable cause to detain Appellants.
*386 We also reject Appellants' argument that Officer Brownfield was constitutionally required to make personal contact with Appellants through a closed vehicle window. Therefore, because the trial court properly denied Appellants' motions to suppress, we affirm.
AFFIRMED.
VAN NORTWICK and HAWKES, JJ., concur.