No. 78–6649. MILHOLLAN *v.* UNITED STATES. C. A. 3d Cir. Certiorari denied.

MR. JUSTICE MARSHALL, with whom MR. JUSTICE BRENNAN and MR. JUSTICE POWELL join, dissenting.

The Court today denies certiorari in a case which is, in my view, plainly inconsistent with our recent decision in *Arkansas* v. *Sanders,* 442 U. S. 753 (1979). The facts may be summarized briefly. On September 22, 1977, the petitioner cashed two money orders at a bank in Girard, Pa., after producing identification in the name of John J. Leehy, Jr., the designated payee. On the following day, the petitioner attempted to cash two additional money orders also made out to John J. Leehy, Jr., at a bank in Warren, Pa. Bank officials became suspicious and alerted the police, who asked petitioner for identification. Petitioner responded that he had identification in his car and then began to flee. He was apprehended and taken to the police station, where he was searched. The search uncovered, among other things, a car key on a tag marked "Gold Capri."

After a short time, an officer located a gold-colored Capri in a municipal parking lot about 100 yards from the place of arrest. Noticing a police scanner and a book of police car numbers in the car, the officer opened the car door with the petitioner's key, and drove the vehicle to the police station. There he conducted a warrantless search of the car. Inside he found various items, including a closed satchel. He opened the satchel and discovered 22 money orders, all payable to John J. Leehy, Jr.

Petitioner was convicted on a two-count indictment for transporting stolen money orders in interstate commerce in violation of 18 U. S. C. § 2314. Although only the Girard transaction was alleged in the indictment, the money orders inside the satchel and other evidence seized during the search of the car were admitted at trial over petitioner's objection.

A divided Court of Appeals upheld the warrantless searches

of both the car and the satchel. 599 F. 2d 518 (CA3 1979). According to the majority, the search of the car was lawful because it was supported by probable cause and exigent circumstances were present. The majority found the search of the satchel distinguishable from that in *United States* v. *Chadwick,* 433 U. S. 1 (1977), where we held that the Fourth Amendment was violated by a warrantless search of a footlocker that had been transported on a train and later loaded into the trunk of an automobile. According to the Court of Appeals, *Chadwick* did not affect what it regarded as the rule for "pure" car searches: "police entitled to search an automobile . . . could also search [containers] carried in that automobile." 599 F. 2d, at 526.

Even assuming the court's ruling on the search of the car does not warrant review, I believe that the search of the satchel cannot stand. In *Arkansas* v. *Sanders, supra,* this Court expressly rejected the reading of *Chadwick* offered by the court below. Speaking three months after the decision of the Court of Appeals in the present case, we observed that a container such as petitioner's "is not necessarily attended by any lesser expectation of privacy . . . merely because [it] is to be carried in an automobile rather than transported by other means." 442 U. S., at 764. We therefore held there was no special rule permitting police to search a container whenever the container is found in an automobile. *Id.,* at 766. "[T]he extent to which the Fourth Amendment applies to containers and other parcels depends not at all upon whether they are seized from an automobile." *Id.,* at 764–765, n. 13. That holding, of course, represents a square repudiation of the reasoning of the Court of Appeals in this case.

I would grant certiorari, vacate the judgment below, and remand for reconsideration in light of *Arkansas* v. *Sanders.**

---

*The United States suggests that the case may be distinguishable from *Arkansas* v. *Sanders* because the satchel was searched as part of a police inventory after the car's impoundment, and that in any event admission

---

of the satchel's contents was harmless.   Neither of these claims was passed on by the Court of Appeals, and I would have that court consider them on remand.