**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Norman Gaylord REED,
Defendant-Appellant.**

No. 79–1506.

United States Court of Appeals,
Ninth Circuit.

April 23, 1980.

Rehearing Denied June 27, 1980.

Mark E. Griffin, Portland, Or., for defendant-appellant.

Ellen F. Rosenblum, Asst. U. S. Atty., Eugene, Or., argued for plaintiff-appellee; William W. Youngman, Asst. U. S. Atty., Portland, Or., on brief.

Before KILKENNY and SCHROEDER, Circuit Judges, and CAMPBELL *, District Judge.

* Honorable William J. Campbell, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

SCHROEDER, Circuit Judge:

Appellant raises four issues in his appeal from conviction of two counts of bank robbery in violation of 18 U.S.C. 2113(a). We affirm both convictions.

■ Appellant urges first that his convictions must be reversed because of violation of his rights under the Interstate Agreement on Detainers Act. 18 U.S.C.App. Congress enacted the statute in an attempt to systematize the transfer of prisoners between different facilities and jurisdictions in connection with multiple convictions and charges. The legislation was designed to remedy many of the widespread disputes and delays which occurred before enactment of the agreement. *See United States v. Ford*, 550 F.2d 732 (2d Cir. 1977), *aff'd.*, 436 U.S. 340, 98 S.Ct. 1384, 56 L.Ed.2d 329 (1978).

Article IV of the Agreement provides: (a) The appropriate officer of the jurisdiction in which an untried indictment, information, or complaint is pending shall be entitled to have a prisoner against whom he has lodged a detainer and who is serving a term of imprisonment in any party State made available in accordance with Article V(a) hereof upon presentation of a written request for temporary custody or availability to the appropriate authorities of the State in which the prisoner is incarcerated . . . .

.      .      .      .      .

(e) If trial is not had on any indictment, information, or complaint contemplated hereby prior to the prisoner's being returned to the original place of imprisonment pursuant to Article V(e) hereof, such indictment, information, or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.

■ The record on the status of appellant's custody during the relevant period is not altogether clear. It appears that appellant was being held in a state facility in connection with federal and state charges when he was approached by a state officer seeking his cooperation with regard to an-other state offense. Appellant agreed to cooperate, provided he was transferred to another state facility. After his transfer appellant was in state custody, but his records were marked "Hold for U.S. Marshals" by a state officer. Appellant now contends that this "hold" and his later removal from state custody for his federal arraignment, followed by his return to state custody required dismissal of these charges under Art. IV(e) of the Interstate Agreement on Detainers Act.

We agree with the district court judge that appellant's rights under this statute were not violated for two reasons. First, the federal government never lodged a detainer. While the notation "Hold for U.S. Marshals" might in some cases create a detainer within the meaning of the Act, it was not a detainer in this case since it was made by a state officer, without the direction of a federal agent or officer. The trial court considered extensive testimony from several officials familiar with appellant's incarceration status and properly concluded that there was no federal detainer.

Second, appellant was not serving a "term of imprisonment" within the meaning of the statute. Appellant was in custody awaiting trial on state and federal charges and awaiting revocation of his parole arising out of an earlier state charge. The purpose of the Interstate Agreement on Detainers Act is "to minimize the adverse impact of a foreign prosecution on rehabilitative programs of the confining jurisdiction." *United States v. Milhollan*, 599 F.2d 518, 528 (3d Cir. 1979), *cert. denied*, 444 U.S. 909, 100 S.Ct. 221, 62 L.Ed.2d 144 (1979), *quoting, U. S. ex rel. Esola v. Groomes*, 520 F.2d 830, 836–37 (3d Cir. 1975). We agree with the decisions of other circuits that neither a pretrial detainee nor a parole violator has a sufficient interest in the rehabilitation programs of his confining institution to justify invocation of the Act. *United States v. Milhollan, supra* (pretrial detainee); *United States v. Harris*, 566 F.2d 610 (8th Cir. 1977) (pretrial detainee); *United States v. Roberts*, 548 F.2d 665 (6th Cir. 1977), *cert. denied*, 431 U.S. 931, 97 S.Ct.

2636, 53 L.Ed.2d 246 (1977) (pretrial detainee); *United States v. Dobson*, 585 F.2d 55 (3d Cir. 1978), *cert. denied*, 439 U.S. 899, 99 S.Ct. 264, 58 L.Ed.2d 247 (1978) (parole violator).

We turn briefly to the other issues raised. The evidence to support conviction on the two charges, although not overwhelming, was sufficient, consisting both of fingerprint and general identification evidence.

 In considering appellant's contention that trial of the two counts should have been severed, we must determine whether the trial court's decision was an abuse of discretion, and, in this regard, appellant bears a heavy burden. *Parker v. United States*, 404 F.2d 1193 (9th Cir. 1968), *cert. denied*, 394 U.S. 1004, 89 S.Ct. 1602, 22 L.Ed.2d 782 (1969); *United States v. Ragghianti*, 527 F.2d 586 (9th Cir. 1975). Appellant stresses that a jury could become confused and cumulate the evidence, or find the defendant guilty of one crime and use that finding as evidence of criminal disposition in the other. To a certain degree, these risks are present in any case in which there is joinder of even remotely similar offenses. In this case, however, the presentation of evidence regarding each robbery was separate and distinct. There was no confusion on the part of counsel or witnesses. *Compare Drew v. United States*, 331 F.2d 85 (D.C.Cir.1964). The Court carefully instructed the jury that it should consider each count separately and that it should segregate the evidence. The Court provided the jury with separate forms of verdict for each count. We find no abuse of discretion in the denial of the severance motion.

Finally, the Court has reviewed the conduct of the prosecutor during argument to the jury. A new trial is not required unless the conduct is "so gross as probably to prejudice the defendant, and the prejudice has not been neutralized by the trial judge." *United States v. Parker*, 549 F.2d 1217, 1222 (9th Cir. 1977), *cert. denied*, 430 U.S. 971, 97 S.Ct. 1659, 52 L.Ed.2d 365 (1977); *United States v. Mikka*, 586 F.2d 152 (9th Cir. 1978), *cert. denied*, 440 U.S. 921, 99 S.Ct. 1247, 59 L.Ed.2d 474 (1979). We find no reversible error.

Appellant's motion to strike surplusage in the appellee's brief is granted and those portions of that brief have not been considered by the Court in reaching this decision.

Affirmed.