McCORD, Judge.
The state appeals from an order suppressing evidence seized from the trunk of appel-lee’s car. We reverse.
In response to a call reporting that a man was breaking into a car at a Ramada Inn parking lot, Deputy Bradley arrested appel-lee Rapp when he caught him in the act of drilling the lock on the trunk of a car. After the arrest, Bradley was approached by another man who told him that he was spending the night in his camper in the parking lot; that he had heard someone drilling around a car and had observed Rapp breaking into three different ears; that Rapp had taken wrapped Christmas packages out of the cars and placed them in a Lincoln Continental automobile, which was parked in the same parking lo.t. Bradley observed the Lincoln, which was parked with its engine running within 15 to 20 feet from the spot where he had apprehended appellee. He also noticed that the trunk locks of two other cars parked nearby had been drilled out. He and two other deputies approached the Lincoln and viewed therein wrapped Christmas packages, clothing and tools which included screwdrivers and hammers. The officers then, without a warrant, searched the interior and the trunk of the automobile, finding wrapped Christmas gifts in both places.
Rapp was transported to jail and later charged with several counts of grand theft and possession of burglary tools. He filed a motion to suppress all the evidence found in the automobile. The trial court denied the motion as to all items which were in plain view in the passenger compartment but granted the motion as to all items contained in or removed from the trunk of the car because “there were no exigent circumstances to justify a warrantless search of the trunk.”
We find that the automobile exception to the search warrant requirement applies in this case and, therefore, the search of the trunk was valid. Where probable cause exists to believe contraband will be found therein and where exigent circumstances exist, the search of an automobile will be upheld. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925); Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); U. S. v. Milhollan, 599 F.2d 518 (3d Cir. 1979), cert. denied, 444 U.S. 909, 100 S.Ct. 221, 62 L.Ed.2d 144 (1979).
In the case sub judice, the record shows clearly that the police officers had probable cause to believe that Rapp’s automobile trunk contained items stolen from other cars in the parking lot. They had been told by an eyewitness that Rapp had stolen packages from the other cars and placed them in the Lincoln, and they saw wrapped Christmas packages in plain view in the passenger compartment of the Lincoln. At that point, they had probable cause to be *1102 lieve that the trunk of the automobile also contained stolen goods. Compare United States v. Soriano, 497 F.2d 147 (5th Cir. 1974).
The facts also establish exigent circumstances. The fact that Rapp’s car was in a parking lot rather than on the open road is immaterial because it was “movable”-its engine had even been left running. The officers had no way of knowing whether Rapp had a friend or accomplice who would have removed the car from the premises after the officers left to escort Rapp to the police station. While no one disputes the officers’ authority to immobilize the car or to seize it until a warrant could be obtained to continue the search, the officers were not required to pursue such course. The Supreme Court in Chambers v. Maroney saw little difference between seizing a car while obtaining a warrant and searching the car immediately, given probable cause to search. The Chambers court said:
Arguably, because of the preference for a magistrate’s judgment, only the immobilization of the car should be permitted until a search warrant is obtained; arguably, only the “lesser” intrusion is permissible until the magistrate authorizes the “greater.” But which is the “greater” and which is the “lesser” intrusion is itself a debatable question and the answer may depend on a variety of circumstanc-. es. For constitutional purposes, we see no difference between on the one hand seizing and holding a car before presenting the probable cause issue to a magistrate and on the other hand carrying out an immediate search without a warrant. Given probable cause to search, either course is reasonable under the Fourth Amendment.
Compare also United States v. Newbourn, 600 F.2d 452 (4th Cir. 1979), which upheld the search of the trunk of a car which was parked on the shoulder of a public road. On the basis of the above authorities, the warrantless search of Rapp’s car trunk was within constitutional bounds and, therefore, valid.
REVERSED.
LARRY G. SMITH and WENTWORTH, JJ., concur.