UNITED STATES of America, Plaintiff,

v.

Roy MALDONADO, Defendant.

Crim. No. 83–20008–01.

United States District Court,
S.D. West Virginia,
Charleston Division.

Jan. 4, 1985.

---

Larry Ellis, Asst. U.S. Atty., Charleston, W.Va., for plaintiff.

Frederick F. Cohn, Ltd., Chicago, Ill., Theodore R. Dues, Jr., Charleston, W.Va., for defendant.

## ORDER

HADEN, Chief Judge.

Pending before the Court is Maldonado's motion to dismiss the indictment against him on the grounds that the Government has violated 18 U.S.C. § 3161(j)(1)(B). Maldonado was indicted June 28, 1982, but as he failed to appear for arraignment, a warrant was issued for his arrest. On March 1, 1983, Maldonado was arrested by state authorities in Chicago, Illinois, for murder, and he was held there without bond. On March 11, 1983, a federal detainer was placed against Maldonado. After Maldonado was tried and acquitted of the murder charges, he was released September 14, 1984, to federal custody. Maldonado was arraigned before a federal magistrate November 5, 1984.

The Defendant's motion states as grounds for dismissal the alleged failure of his custodian to inform him of the need to demand a speedy trial in order to enjoy the benefits of 18 U.S.C. § 3161. Maldonado relies on 18 U.S.C. § 3161(j)(1)(B) as creating the duty upon the Government in this instance to inform him of his right to a speedy trial. That section reads, in relevant part:

> "If the attorney for the Government knows that a person charged with an offense is serving a term of imprisonment in any penal institution, he shall promptly ... cause a detainer to be filed with the person having custody of the prisoner and request him to so advise the prisoner and to advise the prisoner of his right to demand a trial."

The question raised is whether "term of imprisonment" in this context includes pretrial detainees. No authority has been cited to indicate that this phrase has been construed under Section 3161(j)(1)(B), and the Court has found none. Identical language, however, in the Interstate Agreement on Detainers Act, 18 U.S.C. Appendix II, Section 2, Article IV(a), has been interpreted to exclude pretrial detainees. *U.S. v. Reed*, 620 F.2d 709, 711 (9th Cir.1980); *U.S. v. Roberts*, 548 F.2d 665, 670 (6th Cir.1977) *cert. denied* 431 U.S. 931, 97 S.Ct. 2636, 53 L.Ed.2d 246 (1977). Aside from the semantic distinctions between custody pursuant to a "term of imprisonment" and pretrial detainment, two additional reasons justify distinguishing between the two types of custody under § 3161(j). First, interpreting "term of imprisonment" as including pretrial detainees would increase the likelihood of friction between the state and federal prosecuting authorities as they attempted to try the Defendant in different places over the same period of time. Secondly, the notice requirement that the incarcerated accused be advised of his right to demand a speedy trial would be useful to the unrepresented convict; whereas, the same notice would not be necessary for the presumably represented pretrial detainee, whose attorney would be capable of advising of his right to a speedy trial.

In the instant case, it is undisputed that Maldonado at the time detainer was placed against him and until September 14, 1984, was a pretrial detainee, and as such was not serving a "term of imprisonment" which would invoke the language of 18 U.S.C. § 3161(j)(1)(B). The Government and Maldonado appear at odds respecting whether Maldonado had actually received notice of the Speedy Trial Act's requirement that the Defendant demand a speedy trial in order to obtain one. The Court finds it unnecessary to determine whose version is correct as the Defendant was not entitled to such notice under these facts.

Accordingly, the Defendant's motion for dismissal for failure to comply with 18 U.S.C. § 3161(j)(1)(B) is denied.