770 F.2d 167
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, PLAINTIFF-APPELLEE,
v.
EDDIE R. RICHMOND, DEFENDANT-APPELLANT.
 NO. 84-6052
 United States Court of Appeals, Sixth Circuit.
 7/3/85
 
 W.D.Tenn.
 AFFIRMED
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE
 BEFORE: CONTIE and MILBURN, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant Eddie R. Richmond appeals his jury conviction for making false statements to the United States Postal Service and aiding and abetting the same in violation of 18 U.S.C. Secs. 1001 and 1002 and for making a false claim against the Postal Service for disability retirement in violation of 18 U.S.C. Sec. 287. Defendant's sole assignment of error is that the trial court erred in admitting evidence of 'prior bad acts' under Federal Rule of Evidence 404(b).
 
 I.
 
 2
 The crimes for which defendant was convicted concern, in part, fraudulent medical reports submitted by defendant which were purportedly signed by Maureen Wheeler, Chief of Medical Information Section of the Veterans Administration Hospital in Memphis, Tennessee. The prior bad acts evidence relates to offenses charged in the present indictment which were dismissed prior to trial. This evidence consists of false reports submitted by defendant in support of a claim for sick leave. These reports bear the forged signature of Wheeler's predecessor, Helen Gillespie, who was deceased prior to the date of the reports. Defendant's prior conviction in connection with these so-called 'Gillespie Reports' was reversed by this court due to a violation of the Speedy Trial Act. See United States v. Richmond, 735 F.2d 208 (6th Cir. 1984).
 
 II.
 
 3
 In reviewing a claim that the district court erred in submitting evidence under Rule 404(b), we must determine whether the other acts evidence is relevant for a proper purpose and whether the probative value of the evidence outweighs any potential prejudicial effects. United States v. Ismail, 756 F.2d 1253, 1259 (6th Cir. 1985). A district court has broad discretion in making the latter finding. Id. The evidence must be relevant to a matter at issue and must be substantially similar to and near in time to the offense charged. Id.
 
 
 4
 Defendant first argues that the evidence was offered to prove intent, but that because he conceded the intent issue before the government presented the evidence, the court erred in admitting the evidence. See, e.g., United States v. Roberts, 619 F.2d 379, 383 (5th Cir. 1980); United States v. Williams, 577 F.2d 188, 191 (2d Cir.), cert. denied, 439 U.S. 868 (1978). The record, however, does not support defendant's claim. If the defendant does not affirmatively concede the intent issue before the government presents its case, then all elements of the crime, including intent, are placed 'at issue' by the plea of not quilty, and the government may introduce other acts evidence probative of defendant's intent. See United States v. Hamilton, 684 F.2d 380, 384 (6th Cir.), cert. denied, 459 U.S. 976 (1982).
 
 
 5
 In the instant case, defendant did not reveal the nature of his defense during opening argument, nor did he affirmatively concede the intent issue during the colloquy about the admissibility of the evidence. However, defendant argues that he need not 'make an issue for the convenience of the government.' This argument takes as its basis the erroneous assumption that an element is not at issue unless the defendant affirmatively places it in issue. This assumption is contrary to Hamilton, supra, which held that a plea of not guilty automatically places all elements of the crime at issue unless the defendant affirmatively concedes an element. Defendant's first argument is therefore without merit.
 
 
 6
 Defendant next argues that the court erred in failing to balance the probative value and prejudicial effect of the other acts evidence, and, indeed, the record shows that the district court never expressly made such a finding. However, in United States v. Robinson, 700 F.2d 205 (5th Cir. 1983), cert. denied, 104 S. Ct. 1003 (1984), the court stated that '[i]n the absence of on-the-record findings in response to such a request, we will be obliged to remand unless the factors upon which the probative value/prejudice evaluation were [sic] made are readily apparent from the record, and there is no substantial uncertainty about the correctness of the ruling.' Id. at 213 (emphasis supplied).
 
 
 7
 Aside from one brief assertion by defense counsel,[1] the issue of probative value/prejudicial effect was not thereafter mentioned during the discussion with the district judge which covered some ten pages in the transcript. Defendant's opposition to the evidence concerned whether it was admitted for a proper purpose. We hold therefore that defendant failed to request an on-the-record balancing which would require reversal solely due to the court's failure to make an express finding on this issue.
 
 
 8
 Because the defendant herein did not specifically raise the issue in the district court that the prejudicial effect of the other acts evidence outweighed its probative value or request an on-the-record balancing by the district court, the balancing analysis is subsumed in the court's ruling admitting the evidence. United States v. Milhollan, 599 F.2d 518, 525 (3d Cir.), cert. denied, 444 U.S. 909 (1979); cf. United States v. Sangrey, 586 F.2d 1312, 1315 (9th Cir. 1978) (although trial court did not explicitly perform balancing on the record, appellate court concluded that Rule 403 was satisfied because the trial judge was aware of the issue, and it appeared from the record as a whole that the balancing analysis was performed).[2]
 
 
 9
 The remaining issue is whether the district court abused its discretion in admitting the evidence. Defendant argues that the potential for prejudice was great because the Gillespie reports were so obviously fake, and the jury's consideration of the allegations in the indictment must have been prejudiced. However, the forged Gillespie reports are highly probative of defendant's intent in that they tend to show defendant knew what he was doing when he forged the Wheeler reports, and that he did not act mistakenly or unintentionally. Moreover, the Gillespie reports also undercut his defense that the Wheeler reports were somehow mistakenly generated within the Veterans Administration Hospital's information system.
 
 
 10
 We therefore hold that the probative value of the evidence outweighed its potential prejudicial effect. Further, having reviewed the district court's carefully worded instructions limiting the permissible use of the evidence, we cannot say that the district court abused its discretion in admitting the evidence. Finally, we hold that there is substantial certainty concerning the correctness of the district court's ruling on the other acts evidence.
 
 III.
 
 11
 Accordingly, the decision of the district court is AFFIRMED.
 
 
 
 [1]
 'It is the government's theory they want to introduce these statements no longer relevant to this case on trial unless it has some probative value, and I think the prejudicial effect of it is going to be, to say the least, not good, so we are going to object to this statement being introduced.'
 
 
 [2]
 In this connection, we note that Rule 404(b) does not by its terms mention any balancing requirement or Rule 403. Thus, when the parties restrict their arguments to whether the evidence is offered for a proper purpose, it should not be surprising that the court's oral ruling would focus on that issue. In such a case, we think it reasonable to hold that the balancing analysis is subsumed in the ruling admitting the evidence. However, we view the better practice as being an on-the-record finding by the district judge as to the probative value/prejudicial effect balancing test