977 F.2d 588
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Darrell R. ESCALANTI, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-36163.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 5, 1992.*
Decided Oct. 9, 1992.
 
 Before FARRIS, LEAVY and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Darrell Escalanti is a member of the Quechan Indian Tribe who was arrested on the Warm Springs Indian Reservation on a charge of abusive sexual contact. As a result of his efforts to escape from the Warm Springs Tribal Jail, Escalanti was also charged with kidnapping and assault with intent to commit murder. Escalanti pleaded guilty to unlawful sexual contact and assault with intent to commit murder in exchange for the government's pledge to drop the kidnapping charge. Escalanti now appeals pro se from the district court's denial of his 28 U.S.C. § 2255 motion to vacate sentence, arguing, inter alia, that the district court lacked subject matter jurisdiction, the government violated his rights to an indictment and a speedy trial, his transfer between jurisdictions violated the provisions of the Interstate Agreement on Detainers Act, and his request for relief was improperly construed as a section 2255 motion. We reject these contentions and affirm.[1]
 
 Jurisdiction
 
 3
 The Indian Major Crimes Act states, in relevant part, that "[a]ny Indian who commits against the person ... of another Indian or other person ... a felony under chapter 109A [i.e., 18 U.S.C. §§ 2241-2245, or] ... assault with intent to commit murder ... within the Indian country, shall be subject to the same law and penalties as all other persons committing [such] offenses, within the exclusive jurisdiction of the United States." 18 U.S.C. § 1153(a). As it is undisputed that Escalanti is an Indian who, while on an Indian reservation, committed both a felony under chapter 109A and assault with intent to commit murder, the district court clearly had jurisdiction. See United States v. Torres, 937 F.2d 1469, 1471 (9th Cir.1991), cert. denied, 112 S.Ct. 886 (1992).
 
 Indictment
 
 4
 Escalanti's contention that the government improperly failed to charge him by indictment for the offense of assault with intent to commit murder is meritless. Having expressly waived his right to an indictment, both in writing and in open court, Escalanti cannot be heard to complain about the propriety of the information charging him with that offense. See Fed.R.Crim.P. 7(a), (b).
 
 Speedy Trial
 
 5
 Escalanti's argument that the government violated the provisions of the Speedy Trial Act are also meritless. The record reflects that more than half of the 90 days that elapsed between Escalanti's initial plea of not guilty and his subsequent guilty plea qualify as excludable time. See 18 U.S.C. § 3161(h). Because the remaining time period falls well within the 70 day statutory limit of section 3161(c)(1), the district court did not err in its ruling on this point.
 
 Transfer Between Jurisdictions
 
 6
 Because he was a pretrial detainee at the time of his transfer, Escalanti's complaint does not rise to the level of a violation of the Interstate Agreement on Detainers Act. See 18 U.S.C. app. II, § 2, art. III(a), (d); United States v. Johnson, 953 F.2d 1167, 1170-71 (9th Cir.1992) (citing United States v. Reed, 620 F.2d 709, 711 (9th Cir.), cert. denied, 449 U.S. 880 (1980)). Accordingly, the district court did not err in its ruling on this point, either.
 
 Section 2255 Relief
 
 7
 Finally, we reject Escalanti's contention that the district misconstrued his request for relief as a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. As can be seen from the above, Escalanti's claims were and are that he was entitled to be released--or at least resentenced--because his sentence was imposed in violation of the Constitution and the district court lacked jurisdiction. Such claims are at the very heart of section 2255 motions.
 
 Conclusion
 
 8
 Because we find no merit to any of Escalanti's remaining contentions, the decision of the district court is
 
 
 9
 AFFIRMED.
 
 
 
 *
 The members of the panel unanimously agree that this case is appropriate for submission on the briefs and without oral argument per Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although Escalanti's notice of appeal was filed some 2 1/2 months after the district court had entered its order adopting the magistrate judge's findings and recommendations, we deem the notice to have been timely for purposes of this appeal. Cf. Catholic Social Servs., Inc. v. Thornburgh, 956 F.2d 914, 919 n. 3 (9th Cir.) (appeal accepted as proper when district court fails to enter separate judgment and parties do not object to taking of appeal), cert. granted sub nom. Barr v. Catholic Social Servs., Inc., 112 S.Ct. 2990 (1992)