27 F.3d 568
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Darron SHAW, Defendant-Appellant.
 No. 93-6202.
 United States Court of Appeals, Sixth Circuit.
 June 20, 1994.
 
 Before: MERRITT, Chief Judge; GUY and NORRIS, Circuit Judges.
 MERRITT, Chief Judge.
 
 
 1
 The defendant appeals his jury conviction and sentence of 188 months for aiding and abetting in the possession of cocaine base with intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2. On appeal, he raises three issues: (1) whether the district court erred in admitting testimonial evidence under Fed.R.Evid. 404(b) of prior cocaine sales by the defendant, (2) whether there is sufficient evidence to support the defendant's conviction, and (3) whether the district court erred in refusing to allow a two-level reduction in offense level for acceptance of responsibility under Sec. 3E1.1 of the United States Sentencing Guidelines. We find that none of these issues has merit and we therefore affirm.
 
 I.
 
 2
 On February 1, 1992, the Memphis Police Department's Specialized Patrol Unit executed a search warrant at 660 Thomas, Apartment C in Memphis. When no one answered the door at the apartment, officers forced entry. Inside the apartment, the officers found the tenant of the apartment, co-defendant Melanie Swift, standing in the kitchen area. They recovered a plastic bag containing 77.5 grams of cocaine base from Swift's shirt pocket.
 
 
 3
 The defendant and Jessie Rankin were discovered and arrested in an upstairs bedroom. All three individuals were advised of their Miranda[1] rights and taken outside to a processing van. Once in the van, the defendant asked the arresting officers whether Swift would be released if he admitted the cocaine belonged to him. Swift was eight months pregnant with the defendant's child at the time and was the mother of two children of the defendant. The officers did not respond to the defendant's question. The defendant also stated at some point while in the van that Swift "should not have to go to jail for something that belonged to me."
 
 
 4
 Swift subsequently entered a plea of guilty and testified for the government at the defendant's trial. Swift testified that she had been out shopping with the defendant and Rankin on the day the warrant was executed. The three returned to her apartment and the defendant and Rankin immediately left again. When they returned approximately 30-45 minutes later, the defendant handed her the bag of cocaine to hold for him. The police forced entry into the apartment a few minutes later and recovered the drugs. Swift also testified that she had seen the defendant sell cocaine at her apartment on two or three prior occasions "right before" the day of the arrest.
 
 II.
 
 5
 The defendant's first contention is that the district court erred when it admitted Swift's testimony regarding the defendant's prior cocaine sales. The district court admitted the testimony pursuant to Federal Rule of Evidence 404(b)[2] after finding that the evidence was "highly probative" of the defendant's intent to distribute cocaine. The defendant argues that the district court erred when it failed to make an initial determination that these prior sales actually occurred and erred in balancing the probative value of the evidence with its prejudicial effect. The rule excludes "evidence of criminal character or propensity ... because the jury might convict the defendant for the conduct proving propensity rather than for the offense for which he is on trial." United States v. Acosta-Cazares, 878 F.2d 945, 948 (6th Cir.), cert. denied, 493 U.S. 899 (1989).
 
 
 6
 To admit "other acts" evidence under Rule 404, "[t]he threshold inquiry a court must make ... is whether that evidence is probative of a material issue other than character." Huddleston v. United States, 485 U.S. 681, 686 (1988). In this case, the defendant does not object to the district court's determination that the evidence of prior cocaine sales was relevant to his intent under Rule 404(b). Rather, he argues that the court should have been required to make a preliminary finding, by a preponderance of the evidence, that these "other acts" actually occurred. The Supreme Court in Huddleston rejected this preliminary finding requirement. Huddleston, 485 U.S. at 682. The Court ruled that if relevant and offered for a proper purpose such as motive or intent, the evidence is subject only to the Rule 403 balancing test. Id. at 687-90.
 
 
 7
 The defendant also argues that the "other acts" evidence was highly prejudicial and should have been excluded under Rule 403 which provides that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury...." The district court ruled that it would allow Swift's testimony because it was "highly probative" of the defendant's intent to distribute. "In order to exclude evidence under Rule 403, the evidence must be more than damaging; it must be unfairly prejudicial.... Unfair prejudice means an undue tendency to suggest a decision on an improper basis." United States v. Rey, 923 F.2d 1217, 1222 (6th Cir.1991) (citations omitted). The district court has wide discretion in making this balancing under Rule 403 and we review the court's ruling only for an abuse of discretion. United States v. Wynn, 987 F.2d 354, 357 (6th Cir.1993).
 
 
 8
 Although the defendant does not clearly argue about the deficiencies in the district court's analysis, we note that the district court did not provide its Rule 403 reasoning on the record. The court stated that the evidence was "highly probative" but did not, on the record, find that its probative value substantially outweighed its potential prejudicial effect. The district court's failure to make such an on-the-record balancing is not reversible error. When a defendant, like the defendant in this case, fails to request such an analysis, the court's "balancing analysis may be subsumed in the court's ruling admitting the evidence." Acosta-Cazares, 878 F.2d at 950 (citing United States v. Milhollan, 599 F.2d 518, 525 (3d Cir.), cert. denied, 444 U.S. 909 (1979)). Failure to make such a record is not reversible where the record indicates that the evidence was properly admissible. Id. at 950-51.
 
 
 9
 Our independent review of the record indicates that the probative value of Swift's testimony was not substantially outweighed by its potential prejudicial effect. The district court is clearly correct that the evidence was "highly probative" since the defendant's intent was a material element in the charge of possession with intent to distribute. Evidence of prior drug transactions is admissible to prove that a defendant acted knowingly and intentionally. United States v. Davis, 15 F.3d 526, 530 (6th Cir.1994); United States v. Elkins, 732 F.2d 1280, 1286 (6th Cir.1984); United States v. Santana, 877 F.2d 709, 710 (8th Cir.1989). In addition, Swift's testimony did not involve allegations of unrelated bad acts, which might only impugn the character of the defendant. The defendant's prior cocaine dealings were substantially similar and reasonably near in time to the charged offense and were directly relevant to his intent to distribute. Finally, the evidence was eye-witness, first-hand testimony which was subject to cross-examination. While the evidence clearly was not helpful to the defendant's defense, the defendant has made no convincing argument or showing that the evidence was unfairly or unduly prejudicial under Rule 403, or that it unduly suggested a decision by the jury on an improper basis. We therefore affirm the district court's ruling admitting the Rule 404(b) testimony.
 
 III.
 
 10
 The defendant next argues that there was not sufficient evidence to sustain his conviction for possession with intent to distribute because the drugs were not found in his possession. Swift testified at trial that the drugs belonged to the defendant and that she had them in her pocket only because the defendant had given them to her to hold. Several police officers testified that once in the processing van, the defendant asked them if Swift would be let go if he claimed possession of the drugs. Officer Jamison testified that the defendant also stated that Swift "should not have to go to jail for something that belonged to me." This evidence is sufficient for a rational fact finder to infer that the drugs belonged to the defendant.
 
 
 11
 Regarding the defendant's intent to distribute the cocaine, Officer Anderson testified that the 77 grams of cocaine for which the defendant claimed ownership was greater than that normally possessed for personal use. He testified that when he makes undercover "personal use" buys, he usually buys 0.10 grams for approximately $20.00. Swift also testified that the defendant had made cocaine sales recently from Swift's apartment. This evidence, viewed in the light most favorable to the government, is evidence from which the jury could infer that the defendant possessed the cocaine not for his personal use but for distribution purposes.
 
 IV.
 
 12
 Finally, the defendant contends that the district court erred when it failed to award a two-level reduction in base offense level for acceptance of responsibility based on the defendant's initial act of claiming ownership of the drugs while in the police processing van. The district court denied the reduction because it found that the defendant had used a false name when the police first arrested him and because he denied all responsibility for the drugs at trial. A district court's determination as to whether or not a defendant has accepted responsibility is a finding of fact and reviewed for clear error. United States v. Vincent, 20 F.3d 229, 239 (6th Cir.1994). "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review." United States Sentencing Commission, Guidelines Manual, Sec. 3E1.1, comment. (n. 5) (Nov. 1992).
 
 
 13
 A defendant is entitled to a two-level decrease in base offense level if he "clearly demonstrates acceptance of responsibility for his offense...." U.S.S.G. Sec. 3E1.1(a). Application Note 2 to Sec. 3E1.1 provides that the reduction is not intended for a defendant
 
 
 14
 who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse. Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt....
 
 
 15
 U.S.S.G. Sec. 3E1.1, comment. (n. 2) (emphasis added).
 
 
 16
 The facts of this case do not present the "rare situation" as described by the Application Note. The defendant went to trial and claimed throughout that he had falsely "accepted responsibility" (i.e., claimed ownership) for the drugs only to attempt to exculpate Swift, who was eight months pregnant with his child. The defendant also gave a false name to the police when he claimed the ownership of the drugs. Finally, the record indicates that he did not accept responsibility when meeting with the probation officer prior to sentencing. Based on this evidence, we cannot say that the district court's finding that the defendant did not accept responsibility is clearly erroneous.
 
 
 17
 Accordingly, we affirm the defendant's conviction and sentence.
 
 
 
 [1]
 Miranda v. Arizona, 384 U.S. 436 (1966)
 
 
 [2]
 Rule 404(b) provides in pertinent part:
 Other crimes, wrongs or acts.--Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident....
 Fed.R.Evid. 404(b).