79 F.3d 1155
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee
v.
Johnny R. PADILLA, Defendant-Appellant.
 No. 95-10256.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 12, 1996.*
Decided March 14, 1996.
 
 1
 Before: HALL and BRUNETTI, Circuit Judges, WEINER,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Defendant-Appellant Johnny R. Padilla appeals the district court order denying his motion to dismiss the indictment for violations of the Interstate Agreement on Detainers Act, 18 U.S.C.App. II. We affirm.
 
 I.
 
 4
 Padilla escaped from a federal prison, was later arrested by state authorities and then placed in state custody. Padilla now argues that federal authorities violated the anti-shuttling provisions of the Interstate Agreement on Detainers Act (IADA) because he was inadvertently released to state custody prior to his trial on the indictment charging him with escape. Accordingly, Padilla contends that the indictment should have been dismissed pursuant to Art. IV(e) of the IADA which states that: "If trial is not had on any indictment ... prior to the prisoner's being returned to the original place of imprisonment ... such indictment ... shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice."
 
 
 5
 The record below reveals that county authorities failed to enter the federal detainer on Padilla's computer record, and that but for this clerical error, Padilla would have remained in federal custody until trial.[1] When federal authorities discovered that Padilla had been mistakenly sent to a state prison to serve his state sentence, they issued a second Writ of Habeas Ad Prosequendum and Padilla was brought back to a federal facility to await trial.
 
 
 6
 The trial court found that at the time the first Writ was issued, Padilla was a pretrial detainee because he had not "entered upon a term of imprisonment in a penal or correctional institution;" therefore, the district court held that the IADA did not apply to him. See United States v. Reed, 620 F.2d 709, 711 (9th Cir.), cert. denied, 449 U.S. 880 (1980). We note, however, that Padilla had pled guilty to state charges of drug possession on December 7, 1994; thus, Padilla was no longer merely a pretrial detainee. He was a pretrial detainee and a convicted prisoner awaiting a state sentence.[2] Accordingly, we find the IADA applies to Padilla.
 
 
 7
 However, there is no evidence here that Padilla was shuttled back and forth between federal and state prison facilities as was the case in United States v. Johnson, 953 F.2d 1167, 1170 (9th Cir.), cert. denied, 506 U.S. 879 (1992) (finding that five one-day pretrial transfers between county jail and United States Courthouse did not violate anti-shuttling provisions). Moreover, we find that Padilla was not prejudiced by this error. The transfer in this case did not interfere with Padilla's "participation in any rehabilitative program" nor was Padilla "denied, threatened with denial of, or [in fear of] losing any privileges because of the pending federal charges." Id. at 1171. Though we do not sanction the error, we do not believe it amounted to prejudice requiring dismissal. Accordingly, we AFFIRM.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Hon. Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Federal authorities issued a detainer against Padilla on May 2, 1994. A Writ of Habeas Corpus Ad Prosequendum was issued on January 6, 1995. Upon his arrest, Padilla was placed in the county jail pursuant to an agreement between federal and county authorities. To distinguish between federal and state prisoners, prison officials note each prisoner's status on his computer record. Here, notice of the detainer was not placed in Padilla's record
 
 
 [2]
 We also observe that at the time Padilla escaped from the federal facility in Tuscon, Arizona he was serving out a five-year sentence for being a felon in possession of a firearm