97 F.3d 1463
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alton Eugene WALKER, Petitioner-Appellant,
v.
DEPARTMENT OF CORRECTIONS OF MONTANA; Lee Fisher, Attorney
General of the State of Ohio, Respondents-Appellees.
 No. 95-36274.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 23, 1996.*
Decided Sept. 25, 1996.
 
 Before: FLETCHER, BRUNETTI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alton Eugene Walker appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition. Walker contends that the district court erred by finding that because he had not yet been convicted when he attempted to invoke the Interstate Agreement on Detainers Act ("IADA"), the IADA did not apply. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, applying the clearly erroneous standard to the district court's findings of fact, Riley v. Deeds, 56 F.3d 1117, 1119 (9th Cir.1995), and affirm.
 
 
 3
 Walker was indicted in 1974 for aggravated murder in Ohio, but he escaped prior to being tried. In 1989, Walker was arrested in Montana both pursuant to a warrant issued by Ohio, and for crimes allegedly committed in Montana. On June 5, 1989, Walker filed a motion to dismiss the Ohio indictment on the grounds that his rights had been violated by Ohio's attempt to gain custody of him. Walker was subsequently convicted on June 7, 1989 for his Montana crimes, and began serving his sentence on July 26, 1989.
 
 
 4
 On September 21, 1989, Walker was arraigned in Ohio. On October 21, 1989, Walker filed a motion to dismiss on the grounds that his right to a speedy trial had been violated. The court denied this motion on November 9, 1989. On December 22, 1989, Walker filed another motion to dismiss raising the same grounds. The court denied the motion on January 2, 1990 and Walker's trial began on the same day.
 
 
 5
 "[T]he purpose of the IADA is to minimize the adverse impact of a foreign prosecution on rehabilitative programs of the confining jurisdiction." United States v. Johnson, 953 F.2d 1167, 1170 (9th Cir.) (citations omitted), cert. denied, 506 U.S. 879 (1992); United States v. Reed, 620 F.2d 709, 711 (9th Cir.), cert. denied, 449 U.S. 880 (1980). For this reason, the IADA applies only to those persons who are serving a "term of imprisonment" at the time another state seeks their presence for trial on an untried indictment. Reed, 620 F.2d at 711. The IADA does not apply to pretrial detainees. Id.; see also Johnson, 953 F.2d at 1171.
 
 
 6
 Under the IADA, a defendant must make a request for a final disposition of any untried indictment against him by "caus[ing] to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition of the indictment." 18 U.S.C. app. II, § 2, art. III(a) (1994). A prisoner causes his request to be delivered by giving it to the warden or other official having custody of him. 18 U.S.C. app. II, § 2, art. III(b). The IADA requires that after a prisoner makes a demand for the speedy disposition of an untried charge against him, the authorities must bring the prisoner to trial within 180 days of the filing of the demand, or the charges must be dismissed. See Carchman v. Nash, 473 U.S. 716, 721 (1985). The IADA's 180-day clock begins running when a defendant's demand for trial is filed. United States v. Collins, 90 F.3d 1420, 1426 (9th Cir.1996). When a defendant files a pre-trial motion, the IADA is tolled. Id. at 1428; Johnson, 953 F.2d at 1172.
 
 
 7
 Here, assuming without deciding that Walker's June 5, 1989 motion to dismiss constituted a sufficient filing of a demand for trial under the IADA, Walker's claim fails. At the time he filed his motion, Walker was a pre-trial detainee and the IADA did not apply until Walker was convicted in Montana on June 7, 1989. See Reed, 620 F.2d at 711.
 
 
 8
 We also reject Walker's contention that Ohio violated the IADA after June 7, 1989, by failing to try him until 209 days later. Walker's October 21, 1989 motion to dismiss tolled the IADA for 19 days until the court decided the motion on November 9, 1989. See Collins, 90 F.3d at 1428. Walker's December 22, 1989 motion tolled the IADA for an additional 11 days until the court decided the motion on January 2, 1990. See id. Because Walker's motions tolled the IADA for a total of 30 days, Walker was tried 179 days after he was available for trial; hence, there was no violation of the IADA. See id.
 
 
 9
 Accordingly, we affirm the district court's dismissal of Walker's section 2254 petition.[1]
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we affirm under the former version of 28 U.S.C. § 2254, we do not address the applicability of the Antiterrorism and Effective Death Penalty Act of 1996