**Lloyd G. BACON, Petitioner,**

v.

**Martin A. MAGNUSSON, Warden, Maine State Prison, Respondent.**

**Civ. No. 89–0084–B.**

United States District Court, D. Maine.

Jan. 3, 1990.

John Conway, Cumberland Legal Aid Clinic, Portland, Me., for petitioner.

Lisa Pelkey Marchese, Charles Leadbetter, Asst. Attys. Gen., Augusta, Me., for respondent.

## ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS

GENE CARTER, Chief Judge.

Petitioner filed a petition for a writ of *habeas corpus* with this Court on April 11, 1989, pursuant to 28 U.S.C. § 2254, alleging that the assistance rendered him by his trial counsel violated his constitutional right to effective counsel.[1] Essentially, Petitioner's basis for this claim is that his counsel failed to move to dismiss his Maine indictments pursuant to the Interstate Compact on Detainers (ICD), 34–A M.R. S.A. § 9601, *et seq.*[2] Respondent claims, *inter alia*, that Petitioner was not prejudiced by his counsel's alleged failure because the facts in this suit do not warrant the granting of a motion to dismiss based on the ICD. The Court finds that Petitioner was not prejudiced by counsel's alleged failure to utilize a defense based on the ICD. Therefore, the petition will be denied.

The following chronology was detailed by the Maine Superior Court and stipulated to by the parties.

a) On July 12, 1984, Petitioner was arrested in Nevada on a New Hampshire warrant issued on an outstanding New Hampshire robbery charge. Petitioner waived extradition to New Hampshire and was incarcerated in pre-trial status at the Valley Street

---

1. Petitioner claims that his counsel misinformed him about his rights to raise a defense based on the ICD. Because the Court finds that Petitioner was not prejudiced by counsel's alleged failure to raise this claim, the Court also finds that counsel's alleged failure to properly inform or instruct Petitioner of his right to raise the defense did not prejudice Petitioner.

Petitioner also alleged in his petition that his guilty plea was involuntary. Petitioner, who had not raised this claim before the Maine state courts, withdrew this ground for relief.

2. The pertinent parts of ICD read as follows:

§ 9603. Request for final disposition—Article III

1. Trial Pending. Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for final disposition to be made of the indictment, information or complaint, provided that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner and any decisions of the state parole agency relating to the prisoner.

2. Request for final disposition. The written notice and request for final disposition referred to in subsection 1 shall be given or sent by the prisoner to the warden, Commissioner of Corrections or other official having custody of him, who shall promptly forward it together with the certificate to the appropriate prosecuting official and court by registered or certified mail, return receipt requested.

. . . . .

§ 9605. Delivery—Article V

. . . . .

3. Dismissed. If the appropriate authority shall refuse or fail to accept temporary custody of said person, or in the event that an action on the indictment, information or complaint on the basis of which the detainer has been lodged is not brought to trial within the period provided in Article III or Article IV, the appropriate court of the jurisdiction where the indictment, information or complaint has been pending shall enter an order dismissing the same with prejudice, and any detainer based thereon shall cease to be of any force or effect.

Jail in Manchester, New Hampshire on July 29, 1984.

b) On July 31, 1984, the office of the District Attorney of Cumberland County, Maine sent arrest warrants for Maine offenses to the Valley Street Jail.

c) On January 18, 1985, Petitioner was sentenced in New Hampshire Superior court on the New Hampshire robbery charges.

d) On February 6, 1985, Petitioner requested paperwork from New Hampshire prison officials in order to file for disposition of the outstanding Maine charges pursuant to the ICD. Petitioner was informed by the New Hampshire penal authorities that the prison had not received a detainer from Maine and Petitioner's request for the papers was thus denied.

e) On April 4, 1985, Petitioner wrote to the Clerk of the Cumberland County Court with a certificate of service to the office of the Cumberland County District Attorney and the Maine Attorney General, demanding a speedy trial and extradition pursuant to the ICD on the pending Maine charges. There is no record that this letter was received by any of the addressees or that the New Hampshire warden even received a copy of it.

f) On April 26, 1985, a New Hampshire prison official called the Cumberland County Superior Court and was informed that the court had no pending warrants or indictments against Petitioner.

g) On April 30, 1985, Petitioner asked New Hampshire prison officials whether there existed any detainers against him and was told there were none.

h) On December 17, 1985, the State of Maine filed a detainer against Petitioner with the New Hampshire prison officials. Petitioner was given a copy on December 23, 1985.

i) On January 22, 1986, a New Hampshire public defender filed with the Cumberland County District Attorney a copy of Petitioner's April 4th letter to the Clerk of the Cumberland Court. The public defender subsequently tried without success to contact the district attorney's office concerning the status of the Maine detainer.

j) On January 26, 1986, Petitioner was paroled to the Maine detainers.

k) After waiving extradition to Maine, Petitioner pled guilty on September 10, 1986 to Maine indictments and was sentenced.

Petitioner pled guilty in Maine Superior Court to robbery, 17–A M.R.S.A. § 651(1)(C), and theft, 17–A M.R.S.A. § 353. Petitioner neither sought appellate review of his sentence nor direct appellate review of his convictions. On April 23, 1987, Petitioner sought post-conviction review in Maine on the grounds of denial of effective assistance of counsel, alleging that his attorney failed to raise the ICD defense.

Specifically, Petitioner argued that he was not brought to trial in Maine within 180 days of Maine's receipt of his request for final disposition of the charges pending against him as required by 34–A M.R.S.A. § 9605(3). Petitioner notes his many attempts to request final disposition of the Maine charges, culminating in the January 24, 1986 receipt of his request by the Cumberland County District Attorney's office. The 180 day time limit, if begun on January 24, 1986, would have expired in August 1986 prior to the Maine court proceeding on September 10, 1986 which resulted in Petitioner's conviction on the Maine charges.

Subsequent to an evidentiary hearing on Petitioner's post-conviction petition, held on October 2, 1987, the Maine Superior Court, in its decision denying Petitioner's claim of ineffective assistance of counsel, held that Petitioner would not have been successful if he had filed for a motion to dismiss based on violations of the ICD. The court found that the ICD did not apply to the warrants sent by Maine to New Hampshire in July of 1984 because the ICD only applies where the Petitioner has "entered upon a term of imprisonment." 34–A M.R.

S.A. § 9603(1); *Bacon v. State of Maine*, No. CR–87–746, slip op. at 3 (Me.Super.Ct., Cum.Cty., Feb. 22, 1988).[3] Thus, the court found that Petitioner's requests made in February and April could not trigger the statute since the warrants had been served prior to Petitioner's having begun a term of imprisonment.

The court did find that the detainer sent on December 17, 1985 by the State of Maine could trigger the statute. The court concluded, however, that Petitioner did not comply with the ICD's provisions requiring the Petitioner to provide written notice with the request for disposition to the warden *et al*, who is compelled by the statute to forward the request with the required certificate to the appropriate court. 34–A M.R.S.A. § 9603(2). The Petitioner, instead, sent a letter to the State of Maine, with the help of a public defender, in which Petitioner asked the District Attorney of Cumberland County Maine if he wished to pursue Petitioner's prosecution. The court found that this letter did not substantially comply with the ICD, and, therefore, the court found that a motion to dismiss based on the ICD would not have succeeded.[4] Thus, the Superior Court held that Petitioner did not make out a case of ineffective assistance of counsel.

Petitioner appealed this decision to the Maine Law Court. The Law Court, in a Memorandum of Decision, affirmed the Superior Court's denial of Petitioner's post-conviction appeal.

## DISCUSSION

In order to prevail on a claim of ineffective assistance of counsel, Petitioner must show that his counsel's conduct so undermines "the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674 (1983). Furthermore, Petitioner must also show that "there is a reasonable probability that but for counsel's unprofessional errors, the results of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068. Because the Court finds that Petitioner could not have been prejudiced by counsel's alleged failure to move the Maine Superior Court to dismiss charges based on the ICD, the Court finds that Petitioner's claim of ineffective assistance of counsel is without merit.

 The utility of Petitioner's claim rests solely on the effectiveness of Petitioner's defense based on the ICD.[5] The Interstate Compact on Detainers is an interstate compact sanctioned by the United States Congress and adopted by most states. Thus, although the ICD is a Maine statute,

3. Although the time limit set out in the ICD will not begin to run until a "detainer" has been sent, 34–A M.R.S.A. § 9603, the Superior Court chose not to decide whether or not a warrant is a "detainer," relying instead on the fact that Petitioner had not entered a term of imprisonment.

4. The court held that by failing to provide notice and the request to the New Hampshire prison authorities, as required by 34–A M.R.S.A. § 9603, Petitioner failed to substantially comply with the ICD.

5. The Court of Appeals for the First Circuit defined the substantive content of the Interstate Agreement of Detainers, which Maine adopted and termed the ICD, as follows:

The purpose of the Agreement is to create a good rehabilitative environment for prisoners serving sentences in one state by facilitating the speedy disposition of charges pending against them in another state. The Agreement establishes two procedures for disposing of such charges. The first, contained in Article III, mandates that prison authorities notify a prisoner of any detainers placed against him, and inform him of his right under the Agreement to demand a speedy trial on the indictment giving rise to the detainer. Once the prisoner makes such a request, the state issuing the detainer must begin the trial within 180 days. The second procedure, described in Article IV, allows prosecuting officials in the state issuing the detainer to obtain temporary custody of the prisoner upon written request to appropriate authorities in the incarcerating state. The requesting state must bring the prisoner to trial within 120 days of such removal and must not return the prisoner before completing the trial. If a court determines that a requesting state has failed to comply with any of the above conditions, it must dismiss the indictment, information, or complaint with prejudice.

*United States v. Currier*, 836 F.2d 11, 13–14 (1st Cir.1987).

it is a federal law subject to federal construction. *Cuyler v. Adams,* 449 U.S. 433, 442, 101 S.Ct. 703, 708, 66 L.Ed.2d 641 (1981); *United States v. Currier,* 836 F.2d 11, 13 (1st Cir.1987). Furthermore, issues concerning the ICD are cognizable in a petition for a writ of *habeas corpus. Johnson v. Williams,* 666 F.2d 842, 844 n. 1 (3d Cir.1981).

The first issue to be resolved is the effect of the warrants sent by the State of Maine to the Valley Street Jail where the New Hampshire authorities were holding Petitioner. This Court also concludes, as did the Maine Superior Court Justice herein, that it need not decide whether a warrant is a detainer under the ICD,[6] because the ICD detainer requirement is not triggered by a detainer filed *before a person is sentenced. Currier,* 836 F.2d at 16, *Crooker v. United States,* 814 F.2d 75, 77–78 (1st Cir.1987); *United States v. Reed,* 620 F.2d 709, 711–12 (9th Cir.1980); *United States v. Harris,* 566 F.2d 610, 613 (8th Cir.1977); *United States v. Roberts,* 548 F.2d 665, 670–71 (6th Cir.1977). The warrants arrived at the Valley Street Jail where Petitioner was awaiting disposition of New Hampshire robbery charges. Approximately six months later, Petitioner was sentenced and began serving time at the New Hampshire State Prison. Thus, the detainer requirement of the ICD was not met by the warrants sent in July of 1984 even if they were considered to be effective as a detainer.

It follows from the above conclusion, that there was no effective detainer on record when the Petitioner made requests to the New Hampshire prison officials concerning the ICD. The record in this case indicates that the prison officials did not have any information regarding either a warrant or detainer during this period of time, and so informed Petitioner. Petitioner's requests, therefore, were not sufficient to trigger the statute. Similarly, Petitioner's request for disposition which was sent to Maine on April 4, 1985,[7] could not trigger the statute without there being a detainer.

Petitioner claims that since Maine sent a detainer on December 17, 1985, his letter of January 24, 1986, to the District Attorney of Cumberland County should satisfy the terms of the ICD. Petitioner, in that instance however, failed to follow the only steps required of him by the ICD, namely that notice and the request for disposition be given to prison officials to certify and send on to the state (Maine) in which the charges were pending. Unlike the cases cited by Petitioner, the prison officials did not fail to provide the appropriate forms or do any other act to deter Petitioner. Rather, Petitioner did not follow procedures prescribed in the statute. Petitioner has put forth no excuse for failing to substantially comply with these statutory requirements.

Because Petitioner did not satisfy the requirements set out in the ICD, he could not have succeeded on a timely motion to have his charges dismissed during the pendency of the Maine proceedings. Counsel's alleged failure to move for dismissal based on this defense, therefore, could not have prejudiced Petitioner. Thus, Petitioner's allegation of ineffective assistance of counsel is without merit.

Accordingly, it is hereby ORDERED that Petitioner's petition for a writ of *habeas corpus* be, and it is hereby, DENIED.

---

6. The Court notes, however, that a detainer must be a formal notification to the holding state that the prisoner is wanted for prosecution in another jurisdiction for trial upon his release. *United States v. Currier,* 836 F.2d 11, 15 (1st Cir.1987). The Court believes that a warrant is not so specific as to the issuing state's final objectives or as to the status of the proceeding at the time of receipt of a warrant alone as to constitute the type of "formal" notice to the holding state contemplated by the ICD.

7. There is no record that any such request was received by any of the Maine authorities.