**STATE of Maine**

v.

**Scott FAIR.**

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 24, 1996.

Decided March 7, 1996.

R. Christopher Almy, District Attorney, Dover–Foxcroft, for the State.

Thomas Shehan, Bangor, for Defendant.

Before WATHEN, C.J., and GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

CLIFFORD, Justice.

Following his conditional pleas of guilty, M.R.Crim.P. 11(a)(2), and subsequent convictions for five counts of burglary, 17–A M.R.S.A. § 401 (1983 & Supp.1995), and one count of theft, 17–A M.R.S.A. § 353 (1983), entered in the Superior Court (Piscataquis County, *Mead, J.*), Scott Fair appeals, chal-

lenging the denial of his motion to dismiss (*Browne, A.R.J.*). Fair contends that the State's violation of the Interstate Compact on Detainers (ICD), 34–A M.R.S.A. §§ 9601–9609 (1988),[1] required the court to dismiss the charges against him. Finding no error, we affirm the judgments.

In January of 1992, the grand jury returned two indictments charging Fair with a total of six counts of burglary and five counts of theft. Warrants for Fair's arrest subsequently issued listing his address as Reno, Nevada, where he was incarcerated. Fair was returned to Maine on December 21, 1993. On May 3, 1994, Fair filed a motion to dismiss the indictments on the basis that Maine's failure to bring him to trial in a timely fashion violated the ICD. Determining that Fair failed to demonstrate that the ICD was violated, the court denied the motion on July 10, 1994. On September 29, 1994, Fair entered conditional pleas of guilty to five counts of burglary and one count of theft. Fair's appeal of the court's denial of

his motion to dismiss followed the entry of the judgments of conviction.[2]

Fair contends that in September 1992, he made a proper request pursuant to 34–A M.R.S.A. § 9603[3] for disposition of his Maine charges, and that the State's failure to bring him to trial within 180 days[4] required the court to dismiss the Maine charges against him pursuant to section 9605(3).[5]

■■■ The provision of the ICD mandating dismissal following the delay in the prosecution of any untried charges in the receiving state is applicable only when "a detainer has been lodged against the prisoner." 34–A M.R.S.A. § 9603. A detainer "is a request filed by a criminal justice agency [i.e., the receiving state] with the institution in which a prisoner is incarcerated [i.e., the sending state], asking that the prisoner be held for the agency, or that the agency be advised when the prisoner's release is imminent." *Fex v. Michigan,* 507 U.S. 43, 44, 113 S.Ct. 1085, 1087, 122 L.Ed.2d 406 (1993). Although he concedes that no such request

1. Pursuant to the Interstate Compact on Detainers, when a prisoner incarcerated in one jurisdiction (the "sending state"), has a pending indictment, information, or complaint in another jurisdiction (the "receiving state"), on the basis of which a detainer has been lodged, the prisoner may request a transfer to the receiving state to resolve the outstanding charges. 34–A M.R.S.A. § 9603.

2. On July 5, 1994, Fair filed an application with this court to permit an immediate appeal of the denial of his motion to dismiss. The application became moot when Fair entered his conditional guilty pleas.

3. 34–A M.R.S.A. § 9603 (1988) provides in pertinent part:

  **1. Trial pending.** Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment ... on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for final disposition to be made of the indictment.... The request of the prisoner shall be accompanied by a certificate of the appropriate official having

custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner and any decisions of the state parole agency relating to the prisoner.

4. We point out that the 180–day time period within which a prisoner must be brought to trial begins to run from the time the prosecuting state receives the prisoner's request, not, as Fair contends, when the prisoner files his request with the sending state. *Reed v. Farley,* — U.S. —, —, 114 S.Ct. 2291, 2296, 129 L.Ed.2d 277 (1994); *State v. Rose,* 604 A.2d 24, 25 (Me.1992). The record does not disclose when, or if, Maine officials received Fair's request.

5. 34–A M.R.S.A. § 9605(3) provides in pertinent part:

  **3. Dismissed.** ... [I]n the event that an action on the indictment, information or complaint on the basis of which the detainer has been lodged is not brought to trial within the period provided in [section 9603] ... the appropriate court of the jurisdiction where the indictment, information or complaint has been pending shall enter an order dismissing the same with prejudice, and any detainer based thereon shall cease to be of any force or effect.

from the State of Maine is in the record before us, Fair contends that a form letter dated April 6, 1993, sent by the Nevada Department of Prisons to the District Attorney of Piscataquis County requesting verification that the charges against Fair "have been dismissed and that the detainer against same has been dislodged," qualifies as a detainer. We disagree. A detainer sufficient to invoke the provisions of the ICD requires that the request originate from the state in which the untried charges are pending. *See United States v. Bamman,* 737 F.2d 413, 415 (4th Cir.1984), *cert. denied,* 469 U.S. 1110, 105 S.Ct. 789, 83 L.Ed.2d 783 (1985) ("a detainer requires a specific volitional act on the part of the [receiving governmental entity]."); *United States v. Reed,* 620 F.2d 709, 711 (9th Cir.1980), *cert. denied,* 449 U.S. 880, 101 S.Ct. 229, 66 L.Ed.2d 104 (1980) (notation on prisoner's record reading "Hold for U.S. Marshalls" insufficient for detainer because recorded by official from sending state and not at direction of officials from receiving entity). The letter, sent by Nevada prison authorities, and not by the State of Maine, does not satisfy this requirement. Accordingly, the court properly denied Fair's motion to dismiss.[6]

The entry is:

Judgments affirmed.

All concurring.

---

6. Fair also contends that because he filed his request for disposition with the Nevada officials, the fact there is no evidence that Maine received such a request should not be attributed to a failure on his part to comply with the provisions of the ICD. *See* 34–A M.R.S.A. § 9603(2) ("The written notice and request for final disposition referred to in subsection 1 shall be given or sent by the prisoner to the ... official having custody of him, who shall promptly forward it together with the certificate to the appropriate prosecuting official and court by registered or certified mail, return receipt requested."). Because the absence of a detainer makes the provisions of the ICD relied on by Fair inapplicable, we do not address whether Fair's inability to show when his request was received by this State would also have precluded the exercise of his rights under the ICD.