STATE of Maine

v.

Jeffrey HERRICK.

Supreme Judicial Court of Maine.

Argued Nov. 4, 1996.

Decided Dec. 3, 1996.

Andrew Ketterer, Attorney General, Lisa Marchese (orally), Assistant Attorney General, Augusta, Michael Povich, District Attorney, Patricia Mador, Assistant District Attorney, Ellsworth, Geoffrey Rushlan, District Attorney, Wischcasset, for the State.

Jeffrey Toothaker (orally), Ellsworth, for Defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

RUDMAN, Justice.

Jeffrey Herrick appeals from the judgment entered in the Superior Court (Hancock County, *Delahanty, J.*) denying his motion to dismiss the indictments against him. On appeal, Herrick contends that the State did not bring him to trial within the 180-day time limit provided in the Interstate Compact on Detainers ("ICD"), 34-A M.R.S.A. §§ 9601–9609 (1988). We disagree and affirm the judgment.

In May and June of 1993 Herrick stole a number of Oriental rugs from homes in Hancock, Lincoln and Washington Counties. Later that summer Herrick moved from Maine to Wisconsin. While in Wisconsin, Herrick was involved in an automobile accident after which he was charged with vehicular manslaughter. For violating a bail bond condition, on November 15, 1994, Herrick was incarcerated in Oneida County, Wisconsin.

A Hancock County grand jury indicted Herrick on seven counts of burglary and

seven counts of theft in December 1994. Six days later Patrick Kane, an investigator for Hancock County, sent a letter to the Oneida County Jail Administrator and attached attested copies of the Hancock County grand jury indictment and a warrant for Herrick's arrest. Kane requested that his letter and attachments be treated as a detainer against Herrick and inquired as to when Herrick would be available for extradition.[1] Oneida County jail officials informed Herrick that a detainer had been lodged against him from Maine.

Herrick was convicted on the vehicular manslaughter charge and sentenced in Wisconsin on February 8, 1995. Herrick was transferred to the Wisconsin prison system to begin execution of his sentence on February 15, 1995. After arriving at Fox Lake Correctional Institution Herrick attempted to invoke his rights under the ICD by writing letters to his prison social worker, the Chief of Program Services at the Wisconsin Department of Corrections and Michael Povich, the District Attorney for Maine Prosecutorial District Seven.

On May 4, 1995, Povich lodged a detainer against Herrick by sending a letter with attached copies of indictments and arrest warrants from both Hancock and Lincoln Counties to officials at the Fox Lake Correctional Institution. On May 23rd Povich received from Wisconsin prison officials forms signed by Herrick formally invoking his rights under the ICD. Law enforcement officers transported Herrick from Wisconsin to Maine in September 1995. Herrick was tried on November 13–17, 1995, 174 days after Povich received Herrick's request for final disposition of the charges.

Herrick contends that the 180–day time period of Article III[2] of the ICD commenced on February 15, 1995, when Herrick began to serve his prison sentence in Wisconsin. Herrick argues that the December 1994 Kane letter was a "detainer" which later became effective when Herrick began execution of his sentence.

■ Article III "allows a prisoner in a penal institution of one state to initiate a final disposition of another state's untried indictment on the basis of which a detainer has been lodged against him." *State v. Rose,* 604 A.2d 24, 25 (Me.1992). The provision of the ICD that mandates the dismissal of untried charges following a delay in prosecution by the receiving state "is applicable only when 'a detainer has been lodged against the prisoner.'" *State v. Fair,* 672 A.2d 590, 591 (Me. 1996) (citing 34–A M.R.S.A. § 9603). The ICD detainer requirement is not triggered by a detainer filed before a prisoner begins to serve his sentence. *United States v. Currier,* 836 F.2d 11, 16 (1st Cir.1987); *Crooker v. United States,* 814 F.2d 75, 77–78 (1st Cir.1987); *Bacon v. Magnusson,* 727 F.Supp. 694, 698 (D.Me.1990).[3]

---

1. Both Maine and Wisconsin have adopted the ICD. 34–A M.R.S.A. §§ 9601–9609 (1988); Wis. Stat. §§ 976.05, 976.06 (1996).

2. Article III provides in pertinent part:
   **1. Trial Pending.** Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for final disposition to be made of the indictment, information or complaint, provided that, for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner and any decisions of the state parole agency relating to the prisoner.
   34–A M.R.S.A. § 9603(1).

3. "The Interstate Compact on Detainers is an interstate compact sanctioned by the United States Congress and adopted by most states. Thus, although the ICD is a Maine statute, it is a federal law subject to federal construction." *Bacon v. Magnusson,* 727 F.Supp. 694, 697–98 (D.Me.1990) (citing *Cuyler v. Adams,* 449 U.S. 433, 442, 101 S.Ct. 703, 708, 66 L.Ed.2d 641 (1981); *United States v. Currier,* 836 F.2d 11, 13 (1st Cir.1987)).

■ In the instant case, Herrick had no rights under the ICD until May 1995 when Povich lodged a detainer with prison officials in Wisconsin. Herrick invoked his rights under Article III of the ICD on May 23, 1995, when his written request for final disposition of his indictments was received by Povich.[4] *See Fex v. Michigan,* 507 U.S. 43, 113 S.Ct. 1085, 122 L.Ed.2d 406 (1993) (180-day time period of Article III of ICD does not commence until the prisoner's request for final disposition of the charges against him has actually been delivered to the court and prosecuting officer of the jurisdiction that lodged the detainer against him).

■ The letter sent by Kane in December 1994 was not a "detainer" for the purposes of the ICD because Herrick was not yet serving a prison sentence. Herrick's attempts to invoke his rights under the ICD prior to May 1995 did not trigger the 180-day time limit contained in Article III because there was no effective detainer lodged against him at that time. Once an effective detainer was lodged against Herrick and he invoked his rights under the ICD, he was brought to trial within 180 days.

The entry is:

Judgment affirmed.

All concurring.

---

**4.** Although the issue was not raised by the parties, the record reflects that copies of the letter from the State of Wisconsin Department of Corrections to Povich were sent to David Spencer, an Assistant District Attorney for Prosecutorial District Six and the clerk of courts in both Hancock and Lincoln Counties. We assume without deciding that a copy of the letter also reached the Hancock County court by May 23, 1995.