

STATE OF MAINE
PENOBSCOT, SS.

SUPERIOR COURT
Docket No. CR-98-274

JLH - PEN - 6/9/2000

STATE OF MAINE            )
                          )
                          )
      v.                  )      **ORDER**
                          )
                          )
                          )
MARK T. CONNELLY          )

FILED AND ENTERED
SUPERIOR COURT

JUN 09 2000

PENOBSCOT COUNTY

Pending before the court is the defendant's motion to dismiss pursuant to the provisions of the Interstate Compact on Detainers (ICD). *See* 34-A M.R.S.A. § 9601 *et seq.* Hearing on that motion was held on May 12, 2000. The defendant appeared with counsel. Following the presentation of evidence during the hearing, the defendant moved to reopen the record and submit the defendant's affidavit (with attachments) dated May 15, 2000. Without objection, that motion is granted, and the affidavit and attachments are deemed part of the evidentiary record.[1]

In June 1998, the defendant was sentenced by the Massachusetts courts for criminal conduct. The pending Maine indictment was returned in May 1998, and on that basis a warrant for the defendant's arrest was issued on May 28, 1998. At some time "shortly after" the defendant was indicted in Maine, in a conversation with Matt Erickson, the prosecutor in

---

[1]Within several days after the May 12 hearing, the court prepared an order on the pending motion. The additional evidence, however, had some bearing on the court's ruling and required a reexamination of the issues. Because of the location of the courts where the undersigned has been assigned to sit since that time, it has been difficult to conduct needed research (the parties themselves submitted very little in the way of legal authority) on this motion. For that reason, issuance of this order was delayed.

1

the Maine case, had a telephone conversation with a representative of the Massachusetts Department of Corrections. The call had been initiated by the Massachusetts official. The DOC representative asked Erickson if the Maine authorities wanted to place a "hold" on the defendant. Erickson replied that the prosecuting authority in Maine was not "'interested in dismissing the charges,' or words to that effect."

On some date prior to May 11, 1999, a paralegal employed by a Massachusetts agency providing legal assistance to local inmates spoke with Erickson about the status of the Maine charge. Erickson advised the paralegal that the case was pending, that a plea agreement was possible and that the defendant needed to be arraigned on the Maine charge. The paralegal asked if these goals could be "accomplish[ed" by filing "paperwork" under the ICD. Erickson "agreed that it would" accomplish those goals.

The defendant then sent, or caused to be sent, requests for final disposition pursuant to section 9603. As section 9603(2) requires, these requests were sent by registered or certified mail to the Superior Court (Penobscot County) clerk and to the prosecuting official.[2]

Based on this record, the court finds that no later than July 27, 1999, the defendant made a request for final disposition of the Maine charge pursuant to section 9603(2). This case remains pending, more than 180 days since the defendant perfected his request for final disposition. The

---

[2]Proof that the defendant sent proper notice to the prosecutor's office is found in the defendant's post-hearing affidavit. Based on the evidence presented only at the hearing, the state had argued that the defendant did not fully comply with section 9603(2). The evidence presented at the hearing appeared to support this observation. However, the post-hearing affidavit establishes compliance with the notice requirement.

2

State takes the position that all of that time is chargeable against the 180 day limit under section 9603(1).[3]   The question presented here is thus whether the prosecuting officials in Maine lodged a "detainer" against the defendant within the meaning of section 9603(1), triggering the 180 day period in which the defendant was required to be brought to trial.

Maine's formulation of the ICD does not define the word "detainer." Similarly, as the Supreme Court has noted, the federal statute that created the uniform law did not do so. *See United States v. Mauro*, 436 U.S. 340, 359, 56 L.Ed.2d 329, 346 (1978).   The Court has relied on the federal legislative history that described a "detainer" as "a notification filed with the institution in which a prisoner is serving a sentence, advising that he is wanted to face pending criminal charges in another jurisdiction." *Id.*   The Court has paraphrased this as follows: "a detainer merely puts the officials of the institution in which the prisoner is incarcerated on notice that the prisoner is wanted in another jurisdiction for trial upon his release from prison." *Id.* at 358, 56 L.Ed.2d at 346. *See also United States v. Currier*, 836 F.2d 11, 15 (1st Cir. 1987) ("A detainer is a formal notification, lodged with the authority under which a prisoner is confined, advising that the prisoner is wanted for prosecution in another jurisdiction.").

Here, the communications made by the Maine prosecuting authority to the Massachusetts correctional authority rose to the level of a "detainer" described by the *Mauro* and *Currier* Courts.   It also satisfied a slightly different conception of a "detainer" described by the Supreme Court in

---

[3]Thus, the court does not address the issue of whether any of the time since July 27, 1999, should be excluded from the 180 day calculation. *See State v. Cookson*, 657 A.2d 1154, 1156 (Me. 1995) (calculation of 120 day time period under section 9604).

3

*Carchman v. Nash*, 473 U.S. 716, 719, 87 L.Ed.2d 516, 520 (1985): "[a] detainer is a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent."[4]

Here, a correctional official in Massachusetts initiated contact with the Maine prosecutor to determine specifically whether Massachusetts should hold the defendant for the benefit of the Maine prosecuting authorities. It is clear from this that Massachusetts DOC was aware of those charges, or of the arrest warrant associated with the Maine indictment, or both. In response to that inquiry, the Maine prosecutor responded that he did not intend to dismiss the Maine charge. The court takes this to have been an indirect but affirmative answer to the inquiry of the Massachusetts representative.[5]

Even if Maine's communications with Massachusetts did not clearly amount to a detainer, then at best for the state, it was ambiguous because

---

[4] The *Carchman* formulation of a "detainer" appears to go beyond the definition found in *Mauro* because in addition to the act of notifying the sending state of charges pending in the receiving state, a *Carchman* detainer also requests the sending state to take some type of action (either to hold the prisoner or, at least, to notify the receiving state when the prisoner is about to be released from incarceration in the sending state).

[5] At least one court requires a detainer to be written. *See State v. Bronkema*, 706 P.2d 100, 103 (Id.App. 1985). The court here does not accept that analysis. The facts of the case at bar demonstrate that the effects of an oral detainer are identical to those of a written detainer: whatever form it takes, a detainer deprives the prisoner of the opportunity to engage in the corrective and rehabilitative opportunities that otherwise are available to that prisoner. *See* 34-A M.R.S.A. § 9601. Thus, if the substance of the receiving state's communication satisfies the criteria of a detainer (as it does here), and if the sending state treats that communication as a detainer (as Massachusetts did here), then the prejudice to be ameliorated by the ICD arises, and the statute should be invoked.

4

the prosecutor's response to the Massachusetts correction official (that he was "not 'interested in dismissing the charges,' or words to that effect") was not directly responsive to the question. In a helpful analysis, one court has enumerated five elements of a detainer:

> 1) the communication [there, an arrest warrant] is based on an untried information, indictment, or complaint; 2) it is filed by a criminal justice agency; 3) it is filed directly with the facility where a prisoner is incarcerated; 4) it notifies prison officials that a prisoner is wanted to face pending charges; and 5) it asks the institution where the prisoner is incarcerated either to hold the prisoner at the conclusion of the prisoner's sentence, or to notify agency officials when the prisoner's release is imminent.

*Tucker v. United States*, 569 A.2d 162, 165 (D.C.App. 1990). There, the putative detainer did not satisfy the second or fifth criteria. This led the court to find that it was "unclear" whether the communications amounted to detainers. *Id.* at 166. Consequently, invoking a "functional analysis," the court considered two additional factors to provide the missing clarity: whether the officials intended the communication to serve as a detainer, and whether the defendant was prejudiced because of the putative detainer. *Id.*

Here, it is evident that both the Massachusetts and Maine officials treated the communication as a detainer. First, the correctional official in Massachusetts took the prosecutor's response to her question to mean that the Maine authorities <u>did</u> want the defendant held. This is evident from the revocation of the defendant's transfer to a lower security facility, because of the DOC's understanding that a detainer was in effect: Massachusetts treated the Maine official's statement as a detainer which invoked the very restrictions that the statute is geared to minimize. *See*

5

34-A M.R.S.A. § 9601.

Second, it appears that the prosecutor himself viewed his statement as having the effect of a detainer. In a subsequent conversation with a paralegal representing the defendant's interests, the prosecutor stated that the defendant's appearance in the Maine courts could be achieved if he were to file a proper request for final disposition under section 9603(2). However, a prisoner cannot invoke his rights under section 9603 if the receiving state has not filed a detainer against him with the sending state. *See State v. Herrick*, 686 A.2d 602, 604 (Me. 1996). In other words, the defendant's submission of a request for final disposition <u>would</u> have meaning and effect <u>only if</u> a detainer had been lodged against him in Massachusetts. Because the Maine prosecutor concluded that a request for final disposition would create movement in the Maine case, it follows that the prosecutor also concluded that a detainer previously had been lodged against the defendant.

The court finds that the identical meaning attributed by both people to the prosecutor's statements is a reasonable one: the Massachusetts official wanted to know if that jurisdiction should hold the defendant for the benefit of the Maine prosecuting authorities, and the Maine prosecutor responded that he did not intend to dismiss the Maine charge. As is noted above, the court construes this as a request that the defendant be held.

The second of the *Tucker* factors also supports the defendant's position here. Because of the action taken by Maine prosecuting authorities, the defendant was disqualified from eligibility for minimum security status, thus depriving him of greater privileges, increased good time and participation in educational programs. This is precisely the type

6

of prejudice that the ICD is designed to prevent or minimize. *See* 34-A M.R.S.A. § 9601.

In summary, the court concludes that prosecuting authority in Maine lodged a "detainer" against the defendant within the meaning of section 9604 and interpretive case law (both defining the term in the abstract and using a functional analysis). The defendant perfected a request for final disposition of the Maine charge. That defendant has not been brought to trial within the statutory time period. Pursuant to section 9604(4), the indictment therefore must be dismissed with prejudice.

The entry shall be:

The defendant's motion to reopen the evidence is **GRANTED**. The defendant's May 15, 2000, affidavit and attachments are deemed part of the evidentiary record.

For the reasons set out in the order dated June 9, 2000, the defendant's motion to dismiss is **GRANTED**. The indictment in this matter is dismissed with prejudice.

Dated: June 9, 2000

_____
JUSTICE, SUPERIOR COURT

7

STATE OF MAINE V MARK T. CONNELLY
PENOBSCOT COUNTY SUPERIOR COURT DOCKET NO. CR-98-274


ATTORNEYS OF RECORD:

MATTHEW S. ERICKSON, ASSISTANT ATTORNEY GENERAL
DEPARTMENT OF THE ATTORNEY GENERAL
PO BOX 2460
BANGOR ME 04402-2460


STEPHEN C. SMITH, ESQ.
EATON PEABODY BRADFORD & VEAGUE PA
PO BOX 1210
BANGOR ME 04402-1210

DONALD L. GARBRECHT
LAW LIBRARY

JUN 13 2000